# EXHIBIT D

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

JANE HOLMES, Individually and as PERSONAL REPRESENTATIVE of the
ESTATE OF DAISY BEASLEY
    PLAINTIFFS,      *
                               *
                               * CV-04 B-247

V.                             *

RIVERSIDE TURF, a corporation; EXCEL CARRIERS, a corporation, W.S. BADCOCK, a corporation, RICKY LANE, an individual; No. 1, whether singular or plural, that certain person or persons, entity or entities, who or which had responsibility for the vehicle which collided with Plaintiff's decedent's vehicle at the occurrence made the basis of this suit; No. 2, whether singular or plural, that certain person or persons, entity or entities, who or which is the employer of the operator of the vehicle involved in the accident made the basis of this suit; No. 3, whether singular or plural, that certain person or persons, entity or entities, who is the successor in interest to the employer of the operator of the vehicle which caused the death of Plaintiffs' decedent; No. 4, whether singular or plural, that certain person or persons, entity or entities, who or which is the owner of the vehicle which caused the death of Plaintiffs' decedent; No. 5, whether singular or plural, that certain person or persons, entity or entities, who or which is the successor in interest to the owner of the vehicle which caused the death of Plaintiffs' decedent; No. 6, whether singular or plural, that certain person or persons, entity or entities, whose negligence in any way caused Plaintiffs' decedent's death; No. 7, whether singular or plural, that certain person or persons, entity or entities, under whose I.C.C. authority or other appropriate regulatory authority the vehicle which collided with the BEASLEY vehicle was being operated at the time of the incident made the basis of this suit. Fictitious parties defendant No. 8, whether singular or plural, is that certain person or persons, entity or entities, of which RIVERSIDE TURF and/or EXCEL CARRIERS and/or W.S. BADCOCK CORPORATION is a wholly owned subsidiary. Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff, their identities as proper parties defendant are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

                               *

    DEFENDANTS.

# COMPLAINT

1. The Plaintiff, JANE HOLMES, is an adult resident citizen of Alabama over the age of nineteen years and is the daughter of the deceased. She has been duly appointed as Personal Representative of the Estate of Daisy Beasley. Jane Holmes brings suit individually and in her capacity as Personal Representative of the Estate of Daisy Beasley.

2. The Defendant, RIVERSIDE TURF is a domestic corporation licensed to do business in the state of Alabama. RIVERSIDE TURF is the owner of the tractor and/or trailer which was involved in the collision with the Beasley vehicle on or about July 6, 2004. RIVERSIDE TURF was doing business by agent in Pike County, Alabama on July 6, 2004.

3. The Defendant, RICKY LANE, is an individual who is an adult resident citizen of Shorterville, Alabama. RICKY LANE was the driver of the tractor trailer which was involved in the collision with the Beasley vehicle on or about July 6, 2004.

4. The Defendant, W.S. BADCOCK is a domestic corporation licensed to do business in the state of Alabama. W.S. BADCOCK is the owner of one of the tractors and/or trailers which were involved in the collision with the Beasley vehicle on or about July 6, 2004. W.S.BADCOCK was doing business by agent in Pike County, Alabama on July 6, 2004.

5.  The Defendant, EXCEL CARRIERS is a domestic corporation licensed to do business in the state of Alabama. EXCEL CARRIERS is the owner of one of the tractors and/or trailers which were involved in the collision with the Beasley vehicle on or about July 6, 2004. EXCEL CARRIERS was doing business by agent in Pike County, Alabama on July 6, 2004.

6.  Fictitious parties defendant No. 1, whether singular or plural, is that certain person or persons, entity or entities, who or which had responsibility for the vehicle which collided with the Beasley vehicle at the occurrence made the basis of this suit. Fictitious parties defendant No. 2, whether singular or plural, is that certain person or persons, entity or entities, who or which is the employer of the operator of the vehicle involved in the accident made the basis of this suit. Fictitious parties defendant No. 3, whether singular or plural, is that certain person or persons, entity or entities, who is the successor in interest to the employer of the operator of the vehicle which caused the death of Daisy Beasley. Fictitious parties defendant No. 4, whether singular or plural, is that certain person or persons, entity or entities, who or which is the owner of the vehicle which caused the death of Daisy Beasley. Fictitious partes defendant No. 5, whether singular or plural, is that certain person or persons, entity or entities, who or which is the successor in interest to the owner of the vehicle which caused the death of Daisy Beasley. Fictitious parties defendant No. 6, whether singular or plural, is that

certain person or persons, entity or entities, whose negligence in any way caused the the death of Daisy Beasley. Fictitious parties defendant No. 7, whether singular or plural, is that certain person or persons, entity or entities, under whose D.O.T. authority or other appropriate regulatory authority the vehicle which collided with the Beasley vehicle was being operated at the time of the incident made the basis of this suit. Fictitious parties defendant No. 8, whether singular or plural, is that certain person or persons, entity or entities, of which RIVERSIDE TURF, and/or EXCEL CARRIERS and/or W.S. BADCOCK CORPORATION is a wholly owned subsidiary.

7.    Plaintiffs aver that the identities of the fictitious parties defendant herein are otherwise unknown to the Plaintiffs at this time, or if their names are known to the Plaintiffs, their identities as proper parties defendant are not known to Plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

## COUNT ONE
## WRONGFUL DEATH:
## NEGLIGENCE AND/OR WANTONNESS OF RIVERSIDE TURF

8.    The Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

9.    On or about July 6, 2004 the Plaintiff's decedent, Daisy Beasley, was driving a 1996 Mercury Grand Marquis south bound on U.S. Highway 231. The Beasley vehicle was in the turn lane waiting to turn left when she was struck from the

rear by the Riverside Turf tractor trailer driven by Ricky Lane. Plaintiffs aver that at said time and place, Ricky Lane, an employee of the Defendant, RIVERSIDE TURF, acting within the line and scope of his employment with said Defendant, was operating a tractor trailer rig in a negligent and/or wanton manner by colliding with the Plaintiffs' vehicle. The tractor trailer rig in question was owned by the Defendant, RIVERSIDE TURF or by Ricky Lane but RIVERSIDE TURF had a financial interest in said rig. As a result of this collision, Daisy Beasley was killed.

10. Upon information and belief, RICKY LANE was operating the tractor trailer in question under the Department of Transportation number issued to RIVERSIDE TURF. Therefore, that Defendant under whose federal certificate authority the tractor-trailer was operated is legally responsible for any negligence and/or wantonness of RICKY LANE.

11. The conduct of the Defendant's employee, as described herein, was wrongful, negligent and/or wanton and renders the Defendant, RIVERSIDE TURF, and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 liable to the Plaintiffs under the doctrine of respondeat superior.

12. As a proximate result of the negligence and/or wantonness of the Defendant, RIVERSIDE TURF and fictitious parties defendant 1, 2, 3, 4, 5, 6,7, and 8 DAISY BEASLEY was wrongfully killed. The aforesaid negligent and/or wrongful

conduct of the Defendants combined and concurred to proximately cause the wrongful death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, RIVERSIDE TURF, RICKY LANE and fictitious parties defendant 1, 2, 3, 4, 5, 6 ,7 and 8 for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT TWO
## WRONGFUL DEATH:
## NEGLIGENCE AND WANTONNESS AGAINST RICKY LANE

13. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

14. Plaintiffs aver that at the time of the accident made the basis of this suit, the Defendant, RICKY LANE, was operating the tractor trailer rig which was involved in the collision with the BEASLEY vehicle on July 6, 2004 in a negligent and/or wanton manner. This negligent and/or wanton conduct was a proximate cause of the death of DAISY BEASLEY, and renders the Defendant, RICKY LANE, liable to the Plaintiffs for her death. Plaintiffs further aver that the conduct of the Defendants combined and concurred with the actions of the Defendant, RICKY LANE, to cause the death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, RICKY

LANE, and fict[...]

that would be r[...]

conduct of the Defendants combined and concurred to proximately c[...] death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the De[...] RIVERSIDE TURF, RICKY LANE and fictitious parties defendant 1, 2[...] for damages in an amount that would be mete, just and proper under[...] circumstances.

**NE[...]**

15. Tl[...]

paragraphs as i[...]

16. C[...]

driving a 1996 N[...]

Beasley vehicle[...]

rear by Ricky La[...]

EXCEL CARRIE[...]

EXCEL CARRIE[...]

S. BADCOCK. [...]

said tractor trail[...]

Plaintiffs' vehicl[...]

rig in question v[...]

17. Up[...]

trailer in questio[...]

authority, the tra[...]

## COUNT TWO
## WRONGFUL DEATH:
### NEGLIGENCE AND WANTONNESS AGAINST RICK[Y...]

13. Plaintiffs reaver and reallege all the allegations in the pr[...] as if set out in full herein.

14. Plaintiffs aver that at the time of the accident made the [...] the Defendant, RICKY LANE, was operating the tractor trailer rig wh[...] in the collision with the BEASLEY vehicle on July 6, 2004 in a neglig[...] manner. This negligent and/or wanton conduct was a proximate cau[...] DAISY BEASLEY, and renders the Defendant, RICKY LANE, liable t[...] her death. Plaintiffs further aver that the conduct of the Defendants[...] concurred with the actions of the Defendant, RICKY LANE, to cause[...] DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the D[...]

6

BADCOCK is legally responsible for any negligence and/or wantonness of EXCEL CARRIERS and vice-versa.

18. The conduct of the Defendant's employee, as described herein, was wrongful, negligent and/or wanton and renders the Defendant, W.S. BADCOCK, and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 liable to the Plaintiffs under the doctrine of respondeat superior.

19. As a proximate result of the negligence and/or wantonness of the Defendant, W.S. BADCOCK and fictitious parties defendant 1, 2, 3, 4, 5, 6,7, and 8 DAISY BEASLEY was wrongfully killed. The aforesaid negligent and/or wrongful conduct of the Defendants combined and concurred to proximately cause the wrongful death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, W.S. BADCOCK. EXCEL CARRIERS and fictitious parties defendant 1, 2, 3, 4, 5, 6 ,7 and 8 for damages in an amount that would be mete, just and proper under the circumstances.

### COUNT FOUR
### WRONGFUL DEATH:
### NEGLIGENCE AND/OR WANTONNESS OF EXCEL CARRIERS

20. Plaintiffs reaver and reallege all the allegations in the previous paragraphs

as if set out in full herein.

21. Plaintiffs aver that at the time of the accident made the basis of this suit, the Defendant, EXCEL CARRIERS, was operating the tractor trailer rig which was involved in the collision with the BEASLEY vehicle on July 6, 2004 in a negligent and/or wanton manner. This negligent and/or wanton conduct was a proximate cause of the death of DAISY BEASLEY, and renders the Defendant, EXCEL CARRIERS, liable to the Plaintiffs for her death. Plaintiffs further aver that the conduct of fictitious parties defendant No. 1, 2, 3, 4, 5, 6, 7 and 8 combined and concurred with the actions of the Defendant, EXCEL CARRIERS, to cause the death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, EXCEL CARRIERS, and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT FIVE
## NEGLIGENT OR WANTON ENTRUSTMENT

22. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

23. Plaintiffs aver that at the time of the incident made the basis of this complaint Defendant, RICKY LANE, was unqualified, unfit, or otherwise unable to safely operate the tractor trailer which he was operating at the time of the collision.

9

24. Defendant, RIVERSIDE T[ diligence should have known that Defer otherwise unable to safely operate the tr

25. Defendant, RIVERSIDE T[ RICKY LANE knowing that he was unq operate the tractor trailer rig or Defenda trailer rig to Defendant LANE when thr( or should have known that he was unab

26. As a result of the negligent RIVERSIDE TURF Defendant LANE cau DAISY BEALSEY.

27. Plaintiffs further aver that combined and concurred with the condu DAISY BEASLEY.

28. WHEREFORE, Plaintiffs d( and severally in an amount that would t circumstances.

C(
**NEGLIGENT OR WANTON HI**

as if set out in full herein.

21. Plaintiffs aver that at the time c the Defendant, EXCEL CARRIERS, was oper involved in the collision with the BEASLEY wanton manner. This negligent and/or want death of DAISY BEASLEY, and renders the [ Plaintiffs for her death. Plaintiffs further ave defendant No. 1, 2, 3, 4, 5, 6, 7 and 8 combine Defendant, EXCEL CARRIERS, to cause the (

WHEREFORE, the Plaintiffs demand CARRIERS, and fictitious parties defendant amount that would be mete, just and prope1

COUN
**NEGLIGENT OR WAI**

22. Plaintiffs reaver and reallege as if set out in full herein.

23. Plaintiffs aver that at the time complaint Defendant, RICKY LANE, was 1 safely operate the tractor trailer which he 1

29.     Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

30.     Plaintiffs aver that Defendant, RIVERSIDE TURF, was negligent or wanton in hiring RICKY LANE.

31.     Plaintiffs aver that inadequate screening, testing, background checks, and other such methods were realized by Defendant, RIVERSIDE TURF, prior to extending an offer of employment to Defendant, RICKY LANE.

32.     Plaintiffs further aver Defendants were negligent in their training or supervision of Defendant, RICKY LANE.

33.     Plaintiffs further aver Defendants negligent hiring, training and/or supervision of Defendant LANE proximately caused the death of DAISY BEASLEY.

34.     Plaintiffs further aver that the conduct of RIVERSIDE TURF combined and concurred with the conduct of Defendant LANE and fictitious parties defendant No. 1, 2, 3, 4, 5, 6 ,7 and 8 to cause the death of DAISY BEASLEY.

35.     WHEREFORE, plaintiffs demand judgment against Defendants jointly and severally in an amount that would be mete, just and proper under the circumstances.

## COUNT SIX
## NEGLIGENT OR WANTON ENTRUSTMENT
## W.S. BADCOCK

36.. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

37. Plaintiffs aver that at the time of the incident made the basis of this complaint Defendant, EXCEL CARRIERS, was unqualified, unfit, or otherwise unable to safely operate the tractor trailer which they were operating at the time of the collision.

38. Defendant, W.S. BADCOCK, knew or through the exercise of reasonable diligence should have known that Defendant EXCEL CARRIERS, was unqualified, unfit, or otherwise unable to safely operate the tractor trailer rig.

39. Defendant, W.S. BADCOCK, entrusted a tractor trailer to Defendant EXCEL CARRIERS knowing that they were unqualified, unfit, or otherwise unable to safely operate the tractor trailer rig or Defendant, W.S. BADCOCK, entrusted the tractor trailer rig to Defendant EXCEL CARRIERS when through the exercise of reasonable diligence could or should have known that they were unable to safely operate the tractor trailer rig.

40. As a result of the negligent or wanton entrustment as described above by W.S. BADCOCK Defendant EXCEL CARRIERS caused a collision which resulted in the death of DAISY BEALSEY.

41. Plaintiffs further aver that the conduct of W.S. BADCOCK

combined and concurred with the conduct of EXCEL CARRIERS to cause the death of DAISY BEASLEY.

42.   WHEREFORE, Plaintiffs demand judgment against the defendants jointly and severally in an amount that would be mete, just and proper under the circumstances.

## COUNT SIX
## NEGLIGENT OR WANTON HIRING, TRAINING, OR SUPERVISION

43.   Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

44.   Plaintiffs aver that Defendant, W.S. BADCOCK, was negligent or wanton in hiring EXCEL CARRIERS.

45.   Plaintiffs further aver Defendants were negligent in their training or supervision of Defendant, EXCEL CARRIERS.

46.   Plaintiffs further aver Defendants negligent hiring, training and/or supervision of Defendant EXCEL CARRIERS proximately caused the death of DAISY BEASLEY.

47.   Plaintiffs further aver that the conduct of W.S. BADCOCK combined and concurred with the conduct of Defendant EXCEL CARRIERS and fictitious parties defendant No. 1, 2, 3, 4, 5, 6 ,7 and 8 to cause the death of DAISY BEASLEY.

WHEREFORE, plaintiffs demand judgment against Defendants jointly and severally in an amount that would be mete, just and proper under the circumstances.

## AD DAMNUM CLAUSE

48. The Plaintiffs reallege and reaver all of the pertinent allegations contained in the preceding paragraphs.

49. Plaintiffs allege that the conduct of the Defendants, RIVERSIDE TURF, RICKY LANE, EXCEL CARRIERS, W.S. BADCOCK and of the fictitious parties Defendant No. 1, 2, 3, 4, 5, 6, 7 and 8 as described in the caption of this Complaint combined and concurred to cause the death of DAISY BEASLEY. As a proximate consequence of the negligence and wantonness and other wrongful conduct of the Defendants, RIVERSIDE TURF, RICKY LANE, EXCEL CARRIERS, W.S. BADCOCK and the fictitious parties Defendant No. 1, 2, 3, 4, 5, 6, 7, and 8 as described in the caption of this Complaint, DAISY BEASLEY was caused to be killed.

WHEREFORE, Plaintiffs demand judgment against each of the named and fictitious Defendants separately and severally in an amount to be determined by the jury that is mete and proper.

Done this the ____ day of SEPTEMBER, 2004

MORRIS, HAYNES, & HORNSBY

_____
LARRY W. MORRIS, MOR007

                                            JEREMY KNOWLES, KNO016

Post Office Box 1660  
Alexander City, Alabama 35011-1660  
(205) 329-2000

      **PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL CAUSES IN THE ABOVE COMPLAINT.**

                                            OF COUNSEL

# FAX COVER SHEET

**McKnight Agency, Inc.**  
203 West Washington Street  
Abbeville, Alabama 36310

Joe T. McKnight, LUTCF  
Judy Watson, Agent  
(334) 585-5210    FAX (334) 585-1514

PAGES:    17

DATE:    October 5, 2004

TO:    Progressive Claims  
ATTN:    Richard Mizell

FROM:    Joe McKnight

RE:    Ricky Lane Claim 04-330-7972

Attached is the law suit I discussed with you earlier.

Thanks,

Joe

---

### CONFIDENTIALITY WARNING

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the address above by U.S. Postal Service.