IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:05-CV-438-W ) |
| MCKNIGHT AGENCY, INC., JOE MCKNIGHT; RICKY LANE; RIVERSIDE TURF FARM, et al. | ) ) ) ) |
| Defendant. | ) |

## DEFENDANTS' ANSWER TO COMPLAINT

Without waiving any substantive or procedural deficiencies regarding Plaintiff's Complaint, Defendants McKnight Agency, Inc. and Joe McKnight (collectively referred to as "Defendants") submit the following responses and affirmative defenses to the allegations contained in Plaintiff's Complaint and state as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Each count of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Defendants respond to the specific allegations of Plaintiff's Complaint as follows:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Upon information and belief, admitted.

2. Defendants admit the McKnight Agency, Inc. was previously incorporated in the state of Alabama with its principal place of business in Alabama. The McKnight Agency, Inc. was purchased by Young, Johnston & Associates, Inc. in December of 2004 and the agency previously known as the McKnight Agency, Inc. was dissolved.

3. Upon information and belief, admitted.

4. Upon information and belief, admitted.

5. Upon information and belief, admitted.

6. Defendants admit this Court has diversity jurisdiction over this lawsuit, but deny Plaintiff is entitled to any of the relief requested against them.

## POLICY

7. Defendants admit McKnight Agency, Inc. sold insurance on behalf of Progressive. Defendants reserve the right the right to supplement this response.

8. Defendants admit an application was submitted to Progressive on or about March 10, 2003 for insurance coverage for Ricky Lane. Defendants state, however, that the application speaks for itself.[1]

9. Upon information and believe, Defendants admit Progressive issued a policy of commercial automobile insurance to Lane. Defendants state, however, that the policy and declarations page speak for themselves. Defendants are without information or knowledge to respond to the remaining allegations of this Complaint.

10. Upon information and belief, Defendants admit these allegations but state the declarations page for the renewal policy speaks for itself.

---

[1] Defendants have not yet received a proper copy of Exhibit A to the Complaint. The Exhibit A to the Complaint which is accessible via the internet is a duplicate of Exhibit B and it appears Plaintiff accidentally attached Exhibit B as Exhibit A.

2

11. Defendants admit a certificate of insurance was provided to Riverside Turf Farm on or about March 10, 2004 and state that the certificate of insurance speaks for itself.

## ACCIDENT

12. Upon information or belief, admitted.

13. Defendants, upon information and belief, admit Lane was driving the 1995 International 940 truck insured by Progressive at the time of the accident and apparently was hauling a load for Riverside Turf. Upon information and belief, Defendants admit Lane is being defended by Progressive for the allegations of the lawsuit against him. Upon information and belief, Defendants admit Lane is contending he requested one-million dollars of liability coverage. Defendants admit Lane and his employer were provided many documents showing coverage in the amount of $300,000.00.

## COUNT I

14. Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1-13 above.

15. Denied.

16. Denied.

## COUNT II

17. Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1-16 above.

18. Denied.

19. Denied.

## COUNT III

20.     Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1-19 above.

21.     Defendants are not required to respond to the allegations of this paragraph.

### REQUESTED RELEASE [SIC]

1.      Defendants are not required to respond to this paragraph.

2.      Defendants are not required to respond to the allegations of this paragraph.

3.      Defendants deny any allegations against them in this paragraph. Defendants also deny any request for interest and costs and require strict proof thereof.

4.      Defendants deny allegations against them in this paragraph and also deny Progressive is entitled to any relief and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring these claims.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead the applicable statutes of limitations to the extent they may apply.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver they are not guilty of the matters and things alleged in Plaintiff's Complaint and, further, Plaintiff's claims are barred in whole or in part because Defendants never engaged in or intended to engage in any conduct to harm Plaintiff whatsoever.

### FOURTH AFFIRMATIVE DEFENSE

Defendants plead waiver, estoppel, release, unclean hands, res judicata, payment, and collateral estoppel to the extent they may apply.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury or damage because of any act or omission by the Defendants or by any person or entity under their control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, consent, mistake, mutual mistake, fraud, and acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of laches.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defenses of contributory negligence and/or comparative negligence and by the defense of assumption of the risk.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *In pari delicto.*

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants deny they are guilty of any conduct entitling Plaintiff to recover punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged damages about which Plaintiff complain arose as a result of acts or omissions of others over whom Defendants had no control. If Defendants were negligent in the manner provided by Plaintiff, which is denied, the acts or omissions of others were a superseding and intervening cause of any damages suffered by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants plead the general issue and state they are not guilty of the matters and things charged.

### FIFTEENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint and each count therein are untrue.

### SIXTEENTH AFFIRMATIVE DEFENSE

The subject transactions at issue in this case were arms-length transactions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The damages asserted on behalf of the Plaintiff are the result of an intervening and/or superseding cause.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint contains a misjoinder of parties and is due to be dismissed.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject to binding arbitration and therefore should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants deny any misrepresentation or suppression of material fact to the Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants deny any present intent to deceive at the time any allegedly incorrect statements were made or material facts were suppressed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants deny any reasonable or justifiable reliance by any person and/or entity on any alleged material misrepresentations or suppressions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant breached no duty owed to Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the merger doctrine and the parol evidence rule.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant owed Plaintiff no duty.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants deny they were aware of any material facts that Plaintiff alleges were misrepresented and/or suppressed.

### TWENTY-NINETH AFFIRMATIVE DEFENSE

Defendants reserve any additional and further defenses as may constitute an avoidance or affirmative defense as may be revealed during discovery or upon receipt of additional information. Plaintiff's claims are or may be barred by the Statute of Repose and/or the Rule of Repose.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is not a real party in interest, by assignment, or otherwise.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a declaratory judgment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

No justiciable controversy exists between Plaintiff and these Defendants.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has no legally protected interest at this time.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and has failed to prove or even allege it is certain to suffer any damages allegedly due to the acts and omissions of these Defendants.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims have not accrued.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not proven or even alleged an immediate or imminently threatening injury.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not proven or even alleged it will suffer hardship absent a ruling by the Court.

### THIRTY-NINETH AFFIRMATIVE DEFENSE

Plaintiff has not suffered an injury in fact.

**FORTIETH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend their answer.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Anything not specifically admitted herein and which is not otherwise clear from these responses is denied.

                          *s/Erin E. May*
                          Stephen E. Whitehead
                          Mark E. Tindal
                          Erin E. May
                          Attorneys for Defendants

**OF COUNSEL:**
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served upon the following by placing a copy of same in the United States Mail, postage prepaid, on this the  20th  day of June, 2005.

Randy Haynes
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011

Larry Bradford
Bradford Law Firm, P.C.
2020 Canyon Road, Suite 100
Birmingham, Alabama 35216

Ricky Lane
c/o The Corporation Company
850 Country Road 177
Shorterville, Alabama 36373

Riverside Turf Farm
11969 State Highway 10 E.
Shorterville, Alabama 36376

                                         *s/Erin E. May*
                                         OF COUNSEL