IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Case Number: 2:05-CV-438-W |
| ) McKNIGHT AGENCY, INC.; ) JOE McKNIGHT; RICKY LANE; ) RIVERSIDE TURF FARM; JANE ) HOLMES, individually and as the ) personal representative of the Estate ) of DAISY BEASLEY, deceased; ) YOUNG, JOHNSTON & ) ASSOCIATES, INC. ) ) Defendants. ) | |

**AMENDED COMPLAINT**

PARTIES AND JURISDICTIONAL ALLEGATIONS

1.   The plaintiff, Progressive Specialty Insurance Company ("Progressive"), is an insurance company incorporated and organized under the laws of the state of Ohio, having its principal place of business in the state of Ohio.

2.   The defendant, McKnight Agency, Inc., is a corporation incorporated and organized under the laws of the state of Alabama, having its principal place of business in the state of Alabama. The defendant, Joe McKnight ("McKnight"), is an agent or employee of McKnight Agency, Inc. He is over the age of 19 years and is a resident citizen of the state of Alabama.

3. The defendant, Young, Johnston & Associates, Inc. ("Young, Johnston & Associates") is a corporation incorporated and organized under the laws of the state of Alabama, having its principal place of business in the state of Alabama. It purchased McKnight Agency, Inc. in December 2004.

4. The defendant, Ricky Lane ("Lane") is over the age of 19 years and is a resident citizen of the state of Alabama. He lives in Shorterville, Alabama.

5. The defendant, Riverside Turf Farm ("Riverside") is believed to be a corporation incorporated and organized under the laws of the state of Alabama, having its principal place of business in the state of Alabama.

6. The defendant, Jane Holmes, is the daughter of the deceased Daisy Beasley. She has been appointed as the personal representative of her daughter's estate. She is over the age of 19 years and is a resident citizen of the state of Alabama.

7. The amount in controversy exceeds, exclusive of interests and costs, the sum of $75,000. Jurisdiction is predicated on diversity of citizenship and the amount in controversy, U.S.C. §1332.

POLICY

8.  McKnight Agency, Inc. is an appointed agent for Progressive. Its offices are located in Abbeville, Alabama. Joe McKnight is an agent or employee of McKnight Agency, Inc.

9.  McKnight Agency, Inc. and McKnight submitted an application to Progressive on March 10, 2003 for insurance coverage for Ricky Lane. A copy of the application is attached at Exhibit A and incorporated by reference. The application requested liability coverage in the amount of $300,000 combined single limits ("CSL") for bodily injury and property damage.

10. Based upon the application submitted by the agent, Progressive issued a policy of commercial automobile insurance to Lane. As requested, the policy provided $300,000 CSL coverage for bodily injury and property damage. A copy of the declarations page is attached as Exhibit B.

11. Lane obtained a renewal of the policy so that it was in effect from March 10, 2004 to March 10, 2005. The commercial auto policy number was CA 01722685-1. The renewal policy also provided $300,000 CSL coverage for bodily injury and property damage. The declarations page for the renewal policy is attached as Exhibit C and incorporated by reference.

12. McKnight Agency, Inc. issued a certificate of insurance to Riverside Turf Farm on March 8, 2004. The certificate improperly reflected that Lane's liability limits were in the amount of $1 million CSL.

13. Young, Johnston & Associates purchased McKnight Agency in December 2004 and it is responsible for any acts and omissions of that agency.

## ACCIDENT

14. Lane was involved in an accident on July 6, 2004. The accident occurred on US Highway 231 in Pike County, Alabama. Daisy Beasley was killed in the accident and her personal representative has filed a lawsuit against Lane, Riverside Turf Farm, and other defendants. A copy of the complaint is attached as Exhibit D and incorporated by reference.

15. Lane was driving the 1995 International 940 truck insured by Progressive at the time of the accident. He was apparently hauling a load for Riverside Turf. Lane is being defended by Progressive for the allegations of the lawsuit against him. He contends that he requested the agent to procure $1 million dollars of liability coverage although the application signed by him only reflected that $300,000 of CSL coverage was requested. Further, the declaration pages received by Lane always reflected that he only had $300,000 of CSL coverage.

## COUNT ONE

16. Progressive realleges and incorporates by reference the allegations of paragraphs 1 through 13 of the complaint.

17. McKnight Agency, Inc. and Joe McKnight negligently procured the liability coverage for Lane. Young, Johnston & Associates is responsible for the acts and omissions of McKnight Agency, Inc.

18. Progressive has incurred damages for any liability exposure in excess of $300,000 CSL.

## COUNT TWO

19. Progressive realleges and incorporates by reference the allegations of paragraphs 1 through 15 of the complaint.

20. McKnight Agency, Inc. and Joe McKnight made an innocent or reckless misrepresentation to Progressive when it submitted the application for the policy to be issued to Lane. Young, Johnston & Associates is responsible for any misrepresentations by McKnight Agency, Inc.

21. Progressive has incurred damages for any liability exposure in excess of $300,000 CSL.

## COUNT THREE

22. Progressive realleges and incorporates by reference the allegations of paragraphs 1 through 15 of the complaint.

23. Progressive requests the court to declare that its policy issued to Lane only provided $300,000 CSL of bodily injury and property damage coverage.

## REQUESTED RELIEF

WHEREFORE, the premises considered, Progressive requests the following relief:

1. Progressive is not seeking any relief from Ricky Lane, Riverside Turf Farm, or Jane Holmes; rather, they were added as defendants to simply give them notice of this lawsuit. Subject to approval by the court, Progressive will agree to dismiss those parties as defendants if they so request and if they agree to be bound by any decisions by the court concerning Lane's liability limits.

2. Progressive requests the court to declare that its policy issued to Lane only provides $300,000 CSL for bodily injury and property damage claims arising from this accident.

3. In the event that the court determines that Progressive has $1 million dollars CSL coverage, then Progressive demands judgment against McKnight Agency, Inc., Joe McKnight, and Young, Johnston & Associates, Inc. in the amount of $700,000, plus interest and costs.

4. Progressive requests such other or different relief to which it may be entitled in this case.

                                                   /s/ R. Larry Bradford
                                                   R. Larry Bradford, Attorney for Plaintiff,
                                                   Progressive Specialty Insurance Company
                                                   Attorney Bar Code: BRA039

OF COUNSEL:

Bradford Law Firm, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 30 day of June, 2005, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Erin E. May, Esq.
Stephen E. Whitehead, Esq.
Mark E. Tindal, Esq.
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

Randy Hayes, Esq.
Larry W. Morris, Esq.
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011


_____
OF COUNSEL