IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:05-CV-438-W ) |
| MCKNIGHT AGENCY, INC., JOE MCKNIGHT; RICKY LANE; RIVERSIDE TURF FARM, et al. | ) ) ) ) |
| Defendants. | ) |

### JOINT REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **August 15, 2005** between **Larry Bradford** (counsel for Progressive), **Randy Haynes** (counsel for Jane Holmes individually and as personal representative of Estate of Daisy Beasley (referred to herein as "Jane Holmes"), and **Mark Tindal** (counsel for Joe McKnight and McKnight Agency).

2. **Pre-Discovery Disclosures**. The parties will exchange by **August 30, 2005** the information required by Fed. R. Civ. P. 26(a)(1).

3. **Discovery Plan**. The parties jointly propose to the court the following discovery plan:

    a. Discovery will be needed on the following subjects:
    (1) Plaintiff's claims in the complaint;
    (2) Defendants' defenses as alleged in their respective answers;
    (3) Whether Ricky Lane is entitled to insurance coverage in the amount of $1,000,000 or $300,000 under the policy of insurance issued by Progressive in relation to the state court lawsuit filed by Jane Holmes;
    (4) In the event the Progressive policy is limited to $300,000, whether an additional $700,000 is available to Ricky Lane for purposes of satisfying any verdict against Ricky Lane in the state court lawsuit filed by Jane Holmes; and

1

       (5)    Whether the Progressive policy is limited to $300,000 and Ricky Lane is not otherwise entitled to an additional $700,000 from any source, for purposes of satisfying any verdict against Ricky Lane in the state court lawsuit filed by Jane Holmes

b.    All discovery commenced in time to be completed by **December 2, 2006**.

c.    Maximum of **30** interrogatories, including subparts, by each party to any other party.

d.    Maximum of **20** requests for production, including subparts, by each party to any other party.

e.    Maximum of **15** requests for admission by each party to any other party.

f.    Maximum of **5** persons deposed by plaintiff and **5** persons deposed by each defendant, subject to a mutual agreement of the parties to add to the number of individuals to be deposed. Maximum time limit per deposition noticed is **6** hours unless otherwise agreed by counsel for all parties.

g.    Reports from retained experts (not including plaintiff's treating physicians) under Rule 26(a)(2) due:

from plaintiff by **October 14, 2005**;
from defendants by **November 4, 2005**.

h.    Supplementations under Rule 26(e), if necessary, should be made every other month during the discovery period and also not later than 30 days prior to trial.

4.    **Other Items**.

a.    The parties do not request a conference with the Court before entry of the scheduling order.

b.    Plaintiff should be allowed until **November 4, 2005** to join additional parties and to amend the pleadings.

c.    Defendants should be allowed until **November 11, 2005** to join additional parties and to amend the pleadings.

d.    All potentially dispositive motions should be filed by **January 6, 2006**.

e.  Settlement cannot be evaluated prior to **the completion of discovery**.

f.  At this time, the parties do not believe this case should be evaluated for proceeding upon any of the tracks provided by this Court's Alternative Dispute Resolution Plan. However, upon completion of some discovery, this may be appropriate.

g.  The parties request a final pretrial conference with the Court after the completion of discovery and after the Court's ruling on any dispositive motions.

h.  Final lists of trial evidence under Rule 26(a)(3) should be due:

   From plaintiff: witnesses by **30 days prior to trial setting**; exhibits by **30 days prior to trial setting.**

   From defendants:  witnesses by **30 days prior to trial setting**; exhibits by **30 days prior to trial setting.**

i.  Parties have **10** days after service of final lists of witness and exhibits to state objections under Rule 26(a)(3).

j.  The case should be ready for a bench trial by **February 24, 2006** and at this time is expected to take approximately **1-2 days.**

Respectfully submitted this **24th** day of **August**, 2005.

_____
One of the Attorneys for Plaintiff
Progressive Specialty Insurance Company

Of Counsel:
R. Larry Bradford
Bradford Law Firm, P.C.
2020 Canyon Road, Suite 100
Birmingham, Alabama 35216
Telephone: 205-871-7733
Facsimile: 205-871-7387

_____
One of the Attorneys for Defendants
Joe McKnight and McKnight Agency, Inc.

Of Counsel:
Stephen E. Whitehead
Mark E. Tindal
Erin E. May
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone: 205-967-8822
Facsimile: 205-967-2380


_____
One of the Attorneys for Defendant
Jane Holmes individually and as personal representative
of Estate of Daisy Beasley

Of Counsel:
Randall S. Haynes
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011
Telephone: 256-239-2000
Facsimile: 256-329-2015