IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CASE NO.: 2:05-CV-438-W |
| McKNIGHT AGENCY, INC.; JOE McKNIGHT; RICKY LANE; RIVERSIDE TURF FARM; JANE HOLMES, individually and as the personal representative of the Estate of DAISY BEASLEY, deceased, | * * * * * * * * | |
| Defendants. | * | |

**ANSWER TO SECOND AMENDED COMPLAINT**

COMES NOW the defendant, JANE HOLMES, individually and as the personal representative of the Estate of DAISY BEASLEY, deceased, and answers the Plaintiff's Second Amended Complaint as follows:

1.     Defendant Jane Holmes is correctly identified in the Complaint. She is the daughter of the deceased, Daisy Beasley, and was duly appointed the personal representative of her mother's estate. She is over the age of 19 years and is a resident citizen of Alexander City, Tallapoosa County, Alabama.

2.     The amount in controversy is at a minimum of $700,000.

3.     The McKnight Agency is a duly appointed agent of Progressive Insurance Company which sold to Ricky Lane insurance coverage in the amount of one million dollars. The McKnight Agency issued a certificate of insurance to Riverside Turf reflecting liability limits of one million dollars.

4. Ricky Lane has testified under oath that he intended to and was told that he purchased one million dollars in liability insurance. At the time of the accident on July 6, 2004 when Daisy Beasley was killed by the actions of Ricky Lane and/or others, Ricky Lane believed he had in place one million dollars in liability insurance.

5. The Court should declare that the policy issued to Ricky Lane provided one million dollars of liability insurance and the requested relief by Progressive Insurance should be denied.

6. Jane Holmes admits that she has an interest in any judicial proceeding that might determine the amount of insurance coverage available to Ricky Lane.

7. Ricky Lane was obligated by federal law, Alabama law, as well as by contractual agreement with Riverside Turf to have insurance limits of $750,000 or greater.

8. Jane Holmes denies all other allegations of the complaint not specifically admitted herein.

/s/ *Randall S. Haynes*
RANDALL S. HAYNES (HAYNR2865)
Attorney for Defendant Jane Holmes

OF COUNSEL:

**MORRIS, HAYNES and HORNSBY**
131 Main Street
Post Office Box 1660
Alexander City, Alabama 35011-1660
Telephone: 256-329-2000
Facsimile: 256-329-2015

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record as follows by electronic filing and by U. S. Mail, postage pre-paid, on this the 2nd day of September, 2005.

    R. Larry Bradford, Esq.
    Bradford Law Firm, P.C.
    2020 Canyon Road
    Suite 100
    Birmingham, Alabama 35216

    Stephen E. Whitehead, Esq.
    Erin E. May, Esq.
    Mark E. Tindal, Esq.
    Lloyd, Gray & Whitehead, P.C.
    2501 Twentieth Place South, Suite 300
    Birmingham, Alabama 35223


/s/ *Randall S. Haynes*
OF COUNSEL