## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY<br>INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>McKNIGHT AGENCY, INC.;<br>JOE McKNIGHT; RICKY LANE;<br>RIVERSIDE TURF FARM; JANE<br>HOLMES, individually and as the<br>personal representative of the Estate<br>of DAISY BEASLEY, deceased,<br><br>    Defendants,<br><br><br>RICKY LANE,<br><br>    Counter Claimant/Cross Claimant,<br><br>v.<br><br>PROGRESSIVE SPECIALTY<br>INSURANCE COMPANY,<br><br>    Counter Claim Defendant, and<br><br>McKNIGHT AGENCY, INC. and<br>JOE McKNIGHT,<br><br>    Cross Claim Defendants. | Case Number:  2:05CV438-00 |

### ANSWER

    COMES NOW the Defendant, Counter Claimant, and Cross Claimant, Ricky

Lane, hereinafter referred to as "Lane," and files this his Answer in the above-styled

cause:

1.    Lane admits the allegations of paragraph 1 of the Complaint.

2.    Lane admits the allegations of paragraph 2 of the Complaint.

3.    Lane admits the allegations of paragraph 3 of the Complaint.

4.    Lane admits the allegations of paragraph 4 of the Complaint.

5.    Lane is without sufficient knowledge to either admit or deny the allegations of paragraph 5 of the Complaint.

6.    Lane admits the allegations of paragraph 6 of the Complaint.

7.    Lane admits the allegations of paragraph 7 of the Complaint.

8.    Lane is without sufficient knowledge to either admit or deny the allegations of paragraph 8 of the Complaint.

9.    Lane is without sufficient knowledge to either admit or deny the allegations of paragraph 9 of the Complaint.

10.    Lane admits that he renewed his policy of insurance for the period of time beginning March 10, 2004 and ending on March 10, 2005. Lane asserts that at all times he had a policy of insurance, and was told that he had a policy of insurance providing $1 million dollars of coverage for liability. Otherwise, Lane is without sufficient knowledge to admit or deny the allegations of paragraph 10 of the Complaint.

11.    Lane admits that McKnight Agency, Inc. and/or Progressive issued a Certificate of Insurance reflecting his liability limits in the amount of $1 million dollars. Lane believes and asserts that, in fact, his liability limits were in the amount of $1 million dollars, based on representations made by McKnight, the appointed agent for Progressive. Therefore, these allegations contained in paragraph 11 of the Complaint are denied.

12.    Lane admits the allegations of paragraph 12 of the Complaint.

13.    Lane admits that he was driving a 1995 International 940 truck at the time of the accident.  Lane admits that he was insured by Progressive at the time of the accident.  Lane admits that he was hauling a load for Riverside Turf at the time of the accident.  Lane admits that Progressive is providing him a defense in the underlying lawsuit.  Lane admits that he requested McKnight, Progressive's appointed agent, to arrange $1 million dollars of liability coverage for him.  Lane denies that he signed an application reflecting that only $300,000 of liability coverage was requested.  Lane asserts that he never received any declaration pages or any other documents reflecting that he only had $300,000 of liability coverage.  Therefore, the last sentence of paragraph 13 is denied.

## COUNT ONE

14.    Paragraph 14 of the Complaint requires no response from Lane.

15.    As asserted hereafter, Lane agrees, alternatively, that McKnight Agency, Inc. and Joe McKnight were negligent.  However, that negligence of McKnight was committed with regard to a duty that McKnight owed to Lane and not to Progressive.  Therefore, these allegations of paragraph 15 of the Complaint are denied.

16.    The allegations of paragraph 16 of the Complaint do not require a response from Lane.

## COUNT TWO

17.    The allegations of paragraph 17 of the Complaint require no response.

18.    Lane asserts, as specified hereafter, alternatively, that McKnight made misrepresentations of material fact to him.  Otherwise, Lane is without sufficient information to either admit or deny the allegations of paragraph 18 of the Complaint.

19.     The allegations of paragraph 19 of the Complaint are denied.

## COUNT THREE

20.     The allegations of paragraph 20 of the Complaint require no response.

21.     Lane denies that Progressive's obligation to him is only to provide $300,000 of liability coverage.

## REQUESTED RELEASE

22.     Paragraph 1 of the Requested Release portion of the Complaint requires no response.

23.     Paragraph 2 of the Requested Release portion of the Complaint does not require any response from Lane.  However, as stated above, Lane is asking this Court to declare that his policy limits are $1 million dollars.

24.     The allegations of paragraph 3 of the Requested Release portion of the Complaint do not require any response from the Defendant.

25.     The allegations of paragraph 4 of the Requested Release portion of the Complaint do not require any response from the Defendant.

Christina D. Crow (CRO064)
Lynn W. Jinks, III (JIN002)
Nathan A. Dickson, II (DIC031)
Attorneys for Ricky Lane

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
P. O .Box 350
Union Springs, AL  36089
(334) 738-4225
(334) 738-4229 *fax*

4

## JURY DEMAND

DEFENDANT, COUNTER CLAIMANT AND CROSS CLAIMANT HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE OF RIGHT IN THIS CAUSE.

_____
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by efiling the same on this the _26_ day of _October_, 2005.

**Attorney for Plaintiff, Progressive Specialty Insurance Company**
R. Larry Bradford, Esq.
BRADFORD LAW FIRM, P.C.
2020 Canyon Road; Suite 100
Birmingham, AL  35216
(205) 871-7733
(205) 871-7387 *fax*

**Attorneys for Plaintiff, Jane Holmes, individually
and as Personal Representative of the Estate of Daisy Beasley, Plaintiff**
Randall Haynes, Esq.
Larry W. Morris, Esq.
MORRIS, HAYNES & HORNSBY
Post Office Box 1660
Alexander City, Alabama  35011-1660
(256) 329-2000
(256) 329-2015 *fax*

**Attorneys for Defendant, Riverside Turf**
Jay S. Tuley, Esq.
Alex L. Holtsford, Jr., Esq.
NIX, HOLTSFORD, GILLILAND, HIGGINS& HITSON, P.C.
Post Office Box 4128
Montgomery, AL  36103-4128
(334) 215-8585
(334) 215-7101 *fax*

**Attorney for Defendant, Riverside Turf**
Randall Lyons, Esq.
Webster, Henry & Lyons, P.C.
418 Scott Street
P. O. Box 239
Montgomery, AL  36101-0239
(334) 264-9472
(334) 264-9599 *fax*

**Attorneys for Defendant Joe McKnight**
Stephen Whitehead, Esq.
Mark E. Dindal, Esq.
Erin E. May, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL  35223
(205) 967-8822
(205) 967-2380 *fax*

**Attorney for Excel Carriers**
G. Thomas Yearout, Esq.
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, AL  35242
(205) 298-1800
(205) 298-1802 *fax*

Jeffrey W. Smith, Esq.
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, AL  36104
(334) 396-8882
(334) 396-8880 *fax*

OF COUNSEL