IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case Number: 2:05CV438-00 |
| McKNIGHT AGENCY, INC.; JOE McKNIGHT; RICKY LANE; RIVERSIDE TURF FARM; JANE HOLMES, individually and as the personal representative of the Estate of DAISY BEASLEY, deceased, | ) ) ) ) ) ) ) ) |
| Defendants, | ) ) ) |
| RICKY LANE, | ) ) |
| Counter Claimant/Cross Claimant, | ) ) |
| v. | ) ) |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Counter Claim Defendant, and | ) ) |
| McKNIGHT AGENCY, INC. and JOE McKNIGHT, | ) ) ) |
| Cross Claim Defendants. | ) |

## CROSS CLAIM

COMES NOW the Defendant, Counter Claimant, and Cross Claimant, Ricky Lane, hereinafter referred to as "Lane," and files this his Cross Claim in the above-styled cause:

1. In March, 2003, Ricky Lane went to the office of McKnight Agency, Inc. in Abbeville, Alabama. Lane requested liability insurance on the subject 1995 International Truck in the amount of $750,000. Both Lane and McKnight knew that Lane, as an over-the-road truck driver, was required by Federal regulations to carry liability insurance in that minimum amount. McKnight told Lane that for not much more premium money, he could obtain for Lane liability insurance coverage in the amount of $1 million dollars. Lane agreed to take out liability insurance coverage in the amount of $1 million dollars based upon this representation. On that day, McKnight, acting in the course and scope of his agency with Progressive, gave to Lane an "Accord Insurance Binder" showing that Lane had liability insurance coverage in the amount of $1 million dollars.

2. This is the only document given to or received by Lane for the policy period with the inclusive dates of 3-10-03 to 3-10-04. Lane never received any declaration pages or any policy of insurance with respect to this policy period, nor did his employer, Riverside Turf.

3. When this policy came up for renewal the following year, McKnight contacted Riverside Turf and asked them to remind Lane that it was time to renew the policy. In response to that, Lane went to the office of McKnight and gave to McKnight a down payment check for the premium. Lane also completed paperwork to finance the balance of the premium. On this occasion Lane was not given any paperwork. However, shortly thereafter, McKnight, acting as the appointed agent of Progressive, and in the course and scope of that agency, mailed to Riverside Turf Farm a document entitled, "Accord Certificate of Liability Insurance", showing that Lane had liability insurance

coverage in the amount of $1 million dollars. Again, this is the only document or piece of paper given to or received by Lane or Riverside with regard to this policy renewal.

4.      At all pertinent times Lane has paid his insurance premiums on this policy and this policy was in full force and effect.

5.      Following the accident which occurred on July 6, 2004, Lane was named as a Defendant in a civil lawsuit filed in Pike County, Alabama. Lane promptly notified McKnight and Progressive of the pendency of this lawsuit. It was at this time that Lane learned from Progressive that their position was that he only had insurance coverage in the amount of $300,000.

6.      When Lane learned this he contacted Joe McKnight, who admitted to him that he had made a mistake in the paperwork connected to the insurance policy. McKnight admitted to Lane that Lane would either have insurance coverage with Progressive in the amount of $1 million dollars, or that McKnight's errors and omission insurance policy would provide coverage up to the amount of $1 million dollars for Lane.

7.      In an effort to avoid its contractual obligations under the policy it issued to Lane, Progressive has filed this declaratory judgment action. By doing so, Progressive has breached the contract of insurance which it has with Lane.

8.      At all pertinent times hereto, McKnight Agency, Inc. and Joe McKnight were acting as agents of Progressive, within the course and scope of that agency.

9.      McKnight knew that Lane required liability insurance coverage in an amount of at least $750,000.

10. Progressive also knew that Lane required insurance coverage in at least the amount of $750,000. This was or should have been clear to Progressive because of information contained in its underwriting file.

11. Lane alleges, alternatively, and in the event that it is determined that Lane's liability insurance limits are only $300,000, that McKnight made material misrepresentations of fact to him, upon which he relied and as a result of which he has been damaged. Lane alleges that these misrepresentations were made by McKnight innocently, negligently, wantonly and/or intentionally.

12. At all times pertinent hereto, McKnight was acting as an advisor to Lane in the area of insurance coverage. Lane relied on the knowledge and expertise of McKnight to provide him liability insurance coverage in the amount of $1 million dollars.

13. McKnight had a fiduciary duty to Lane to provide him liability insurance coverage in the amount of $1 million dollars.

14. Lane has been damaged by the wrongful acts of McKnight and Progressive. He has been exposed to personal financial loss, he has been caused to worry, lose sleep, and incur mental anguish. He has been otherwise injured and damaged.

COUNT ONE

DECLARATORY JUDGMENT

15. Lane re-alleges and incorporates by reference the allegations of paragraphs 1 through 14 of this Cross Claim.

16. Lane requests the Court to declare that his policy issued to him by Progressive provides $1 million dollars of liability coverage for claims arising from the underlying lawsuit.

## COUNT TWO

## ANTICIPATORY BREACH OF CONTRACT

17. Lane re-alleges and incorporates by reference the allegations of paragraphs 1 through 16 of this Cross Claim.

18. By its acts, words, and deeds spoken to Lane and otherwise committed by the filing of this lawsuit, Progressive has indicated its intention to only provide $300,000 of liability insurance coverage to Lane.

19. Lane alleges that his liability insurance contract with Progressive provides to him $1 million dollars of insurance coverage.

20. Progressive has breached this insurance contract by its actions as stated above.

## COUNT THREE

## NEGLIGENCE

21. Lane re-alleges and incorporates by reference the allegations of paragraphs 1 through 20 of this Cross Claim.

22. Progressive knew or should have known that Lane was required by Federal regulations to carry at least $750,000 of liability insurance coverage on the subject International truck.

23. Progressive had a duty to Lane to provide coverage in at least that amount.

5

24. Progressive has breached its duty to Lane by only providing liability insurance coverage in the amount of $300,000.

25. Lane has been injured and damaged as a proximate result of the negligence of Progressive, as stated above.

## COUNT FOUR

## NEGLIGENT SUPERVISION

26. Lane re-alleges and incorporates by reference the allegations of paragraphs 1 through 25 of this Cross Claim.

27. Progressive had a duty, at all pertinent times, to instruct and supervise McKnight in the performance of its/his duties as an appointed agent of Progressive.

28. Progressive negligently breached that duty.

29. As a proximate result of that negligence, Lane was injured and damaged as alleged above.

## COUNT FIVE

## MISREPRESENTATION

30. Lane re-alleges and incorporates by reference the allegations of paragraphs 1 through 29 of this Cross Claim.

31. This Count is made in the alternative and applies only to McKnight.

32. McKnight Agency, Inc. and Joe McKnight made material misrepresentation of fact to Lane. Progressive is liable for the wrongful acts of its agent, McKnight.

33. Lane relied on those misrepresentations.

Case 2:05-cv-00438-WKW-SRW   Document 40   Filed 10/26/2005   Page 7 of 10

34. As a direct and proximate result, Lane has been injured and damaged as alleged above.

## COUNT SIX

## SUPPRESSION

35. Lane re-alleges and incorporates by reference the allegations of paragraphs 1 through 34 of this Cross Claim.

36. McKnight suppressed from Lane the true fact that he only had liability insurance coverage in the amount of $300,000. Progressive is liable for the wrongful acts of its agent.

37. Lane was injured and damaged by the suppression of McKnight, as alleged above.

## COUNT SEVEN

## NEGLIGENCE

38. Lane re-alleges and incorporates by reference the allegations of paragraphs 1 through 37 of this Cross Claim.

39. McKnight owed a duty to Lane to procure him insurance coverage in at least the amount of $750,000.

40. McKnight, by his actions stated above, breached that duty.

41. Lane has been injured and damaged as alleged above, as a direct and proximate result of the negligence of McKnight.

## REQUESTED RELIEF

WHEREFORE, the premises considered, Lane requests the following relief:

1. A declaration by this Court that the liability insurance policy he had with Progressive provides coverage of $1 million dollars.

2. Judgment in such an amount of compensatory and punitive damages as a Court or jury may deem just;

3. His costs in this action;

4. Such other or different relief to which he may be entitled in this case.

*/s/ Christina D. Crow*
Christina D. Crow (CRO064)
Lynn W. Jinks, III (JIN002)
Nathan A. Dickson, II (DIC031)
Attorneys for Ricky Lane

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
P. O .Box 350
Union Springs, AL  36089
(334) 738-4225
(334) 738-4229 *fax*

## JURY DEMAND

DEFENDANT, COUNTER CLAIMANT AND CROSS CLAIMANT HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE OF RIGHT IN THIS CAUSE.

*/s/ Christina D. Crow*
OF COUNSEL

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by efiling the same on this the 26 day of October, 2005.

**Attorney for Plaintiff, Progressive Specialty Insurance Company**
R. Larry Bradford, Esq.
BRADFORD LAW FIRM, P.C.
2020 Canyon Road; Suite 100
Birmingham, AL 35216
(205) 871-7733
(205) 871-7387 *fax*

**Attorneys for Plaintiff, Jane Holmes, individually
and as Personal Representative of the Estate of Daisy Beasley, Plaintiff**
Randall Haynes, Esq.
Larry W. Morris, Esq.
MORRIS, HAYNES & HORNSBY
Post Office Box 1660
Alexander City, Alabama 35011-1660
(256) 329-2000
(256) 329-2015 *fax*

**Attorneys for Defendant, Riverside Turf**
Jay S. Tuley, Esq.
Alex L. Holtsford, Jr., Esq.
NIX, HOLTSFORD, GILLILAND, HIGGINS & HITSON, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128
(334) 215-8585
(334) 215-7101 *fax*

**Attorney for Defendant, Riverside Turf**
Randall Lyons, Esq.
Webster, Henry & Lyons, P.C.
418 Scott Street
P. O. Box 239
Montgomery, AL 36101-0239
(334) 264-9472
(334) 264-9599 *fax*

**Attorneys for Defendant Joe McKnight**
Stephen Whitehead, Esq.
Mark E. Dindal, Esq.
Erin E. May, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL 35223
(205) 967-8822
(205) 967-2380 *fax*


**Attorney for Excel Carriers**
G. Thomas Yearout, Esq.
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
(205) 298-1800
(205) 298-1802 *fax*


Jeffrey W. Smith, Esq.
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882
(334) 396-8880 *fax*


_____
OF COUNSEL