IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) ) McKNIGHT AGENCY, INC.; JOE ) McKNIGHT; RICKY LANE; ) RIVERSIDE TURF FARM; JANE ) HOLMES, individually and as the ) personal representative of the Estate of ) Daisy Beasley, deceased, ) ) Defendants. ) | Civil Action No.: 2: 05 CV 438-W |

## ANSWER TO SECOND AMENDED COMPLAINT

COMES NOW the Defendant, Riverside Turf Farm, hereinafter referred to as "Riverside Turf", by and through its attorney of record, and responds to the Plaintiff's Second Amended Complaint as follows:

1. The Defendant, Riverside Turf Farm, is incorrectly named in the Complaint, Amended Complaint, and Second Amended Complaint. Riverside Turf is a partnership organized and doing business in the State of Alabama.

2. The Defendant admits that the amount in controversy exceeds at minimal the sum of $700,000.00.

3. At all times relevant to this action, Joe McKnight was (and still is) a duly appointed agent of Progressive Specialty Insurance Company (here and after "Progressive") to sell property, casualty, and automobile insurance, including the insurance which was sold to

Ricky Lane and on which this suit is based. At the time of the sell, Mr. McKnight sold insurance coverage to Ricky Lane through Progressive in the amount of $1,000,000.00. Through his company, the McKnight Agency, Mr. McKnight issued a certificate of insurance to Riverside Turf reflecting liability limits of $1,000,000.00. At that point, Ray Morris on behalf of Riverside Turf accepted and relied upon the certificate of insurance to allow Ricky Lane to pull loads for Riverside Turf. At the time Mr. McKnight issued the certificate of insurance, he had the authority to bind Progressive.

4. Ricky Lane has testified under oath that he intended to purchase and was told he purchased $1,000,000.00 in liability insurance. Mr. McKnight has also testified under oath that he intended to sell Mr. Lane $1,000,000.00 in liability insurance. At the time of the accident on July 6, 2004, both Ricky Lane and Mr. McKnight believed Ricky Lane to have in place $1,000,000.00 in liability insurance from Progressive. Mr. McKnight, in his capacity as Progressive's appointed agent, told Mr. Lane he had $1,000,000.00 in liability insurance coverage from Progressive. Mr. Lane gave Mr. McKnight a down payment on the premium based on Mr. McKnight's promise that, in return for the premium, Mr. Lane would receive a policy of $1,000,000.00 in liability insurance from Progressive. At that moment, a contract was formed between Mr. Lane and Progressive through its agent, Mr. McKnight, for Progressive to provide Mr. Lane with $1,000,000.00 in liability insurance. Further, Raymond Morris, on behalf of Riverside Turf, received the certificate of insurance showing $1,000,000.00 in liability coverage and relied upon that, certificate of insurance, becoming a third party beneficiary to the insurance contract.

5. The Court should declare that the policy issued to Ricky Lane provided $1,000,000.00 of liability insurance and the request for relief by Progressive Specialty Insurance

Company should be denied.

6.  Riverside Turf admits that it has an interest in any judicial proceeding that might determine the amount of insurance coverage available to Ricky Lane in that they are a third party beneficiary and could possibly be found liable for any amounts that are not covered by insurance. If Riverside Turf would have been aware that there was a contention that there is only $300,000.00 in coverage, which is Progressive's position, Riverside Turf would never have allowed Ricky Lane to pull a load because he would not have been in compliance with federal law. Progressive, by and through its agent Joe McKnight, was aware of the obligation of Ricky Lane to have a minimum of $750,000.00 in liability insurance coverage.

## AFFIRMATIVE DEFENSE

7.  The policy of insurance issued to Ricky Lane in March 2003 and renewed in March 2004 should be reformed, pursuant to Ala. Code § 8-1-2 (1975), to reflect limits of $1,000,000.00, due to a clerical error.

Further, Riverside Turf specifically denies all other allegations of the Complaint not specifically admitted herein.

/s/ Christina D. Crow
Christina D. Crow (CRO064)
Lynn W. Jinks, III (JIN002)
Nathan A. Dickson, II (DIC031)
Attorneys for Riverside Turf Farm

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
P. O .Box 350
Union Springs, AL 36089
(334) 738-4225
(334) 738-4229 *fax*

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document upon the following by efiling the same on this the 10 day of November , 2005.

**Attorney for Plaintiff, Progressive Specialty Insurance Company**
R. Larry Bradford, Esq.
BRADFORD LAW FIRM, P.C.
2020 Canyon Road; Suite 100
Birmingham, AL 35216
(205) 871-7733
(205) 871-7387 *fax*

**Attorneys for Plaintiff, Jane Holmes, individually
and as Personal Representative of the Estate of Daisy Beasley, Plaintiff**
Randall Haynes, Esq.
Larry W. Morris, Esq.
MORRIS, HAYNES & HORNSBY
Post Office Box 1660
Alexander City, Alabama 35011-1660
(256) 329-2000
(256) 329-2015 *fax*

**Attorneys for Defendant, Riverside Turf**
Jay S. Tuley, Esq.
Alex L. Holtsford, Jr., Esq.
NIX, HOLTSFORD, GILLILAND, HIGGINS& HITSON, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128
(334) 215-8585
(334) 215-7101 *fax*

**Attorney for Defendant, Riverside Turf**
Randall Lyons, Esq.
Webster, Henry & Lyons, P.C.
418 Scott Street
P. O. Box 239
Montgomery, AL 36101-0239
(334) 264-9472
(334) 264-9599 *fax*

**Attorneys for Defendant Joe McKnight**
Stephen Whitehead, Esq.
Mark E. Tindal, Esq.
Erin E. May, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL 35223
(205) 967-8822
(205) 967-2380 *fax*

**Attorney for Excel Carriers**
G. Thomas Yearout, Esq.
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, AL 35242
(205) 298-1800
(205) 298-1802 *fax*

Jeffrey W. Smith, Esq.
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882
(334) 396-8880 *fax*

/s/ Christin D.H.
OF COUNSEL