IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:05-CV-438-W ) |
| MCKNIGHT AGENCY, INC., JOE MCKNIGHT; RICKY LANE; RIVERSIDE TURF FARM, et al. | ) ) ) ) |
| Defendant. | ) |

**AMENDED ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT**

Without waiving any substantive or procedural deficiencies regarding Plaintiff's Complaint, Defendants McKnight Agency, Inc. and Joe McKnight (collectively referred to as "Defendants") submit the following responses and affirmative defenses to the allegations contained in Plaintiff's Second Amended Complaint and state as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, as amended, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Each count of the Plaintiff's Complaint, as amended, fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Defendants respond to the specific allegations of Plaintiff's First Amended Complaint as follows:

1

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Upon information and belief, admitted.

2. Defendants admit the McKnight Agency, Inc. was previously incorporated in the state of Alabama with its principal place of business in Alabama. The McKnight Agency, Inc. was purchased by Young, Johnston & Associates, Inc. in November of 2004 and the agency previously known as the McKnight Agency, Inc. was dissolved.

3. Defendants admit Young, Johnston & Associates, Inc. purchased the McKnight Agency, Inc. in November of 2004. The remaining allegations of this paragraph are admitted upon information and belief.

4. Upon information and belief, admitted.

5. Upon information and belief, admitted.

6. Upon information and belief, admitted.

7. Upon information and belief, admitted.

8. Defendants admit this Court has diversity jurisdiction over this lawsuit but deny Plaintiff is entitled to any of the relief requested against them.

## THE POLICY

9. Defendants admit the McKnight Agency, Inc. sold the insurance policy at issue in this lawsuit on behalf of Progressive. Defendants deny any and all allegations of wrongdoing against them in this paragraph. Defendants reserve the right to supplement this response.

10. Defendants admit an application was submitted to Progressive on or about March 10, 2003 for insurance coverage for Ricky Lane. Defendants state, however, the application speaks for itself. Defendants admit Exhibit A appears to be a copy of the

March 10, 2003 application for insurance signed by Ricky Lane and submitted to Progressive.

11. Upon information and belief, Defendants admit Progressive issued a policy of commercial automobile insurance to Lane consistent with the terms of the applications signed by Lane and submitted to Progressive. Defendants state the policy and declarations page speak for themselves. Defendants admit Exhibit B appears to be a copy of the declarations page sent to Lane in or around March 2003.

12. Upon information and belief, Defendants admit Progressive renewed the subject insurance policy for the time period from March 10, 2004 to March 10, 2005. Defendants admit the subject policy is numbered CA 01722685-1. Defendants admit the renewal policy was also issued in the amount of $300,000 CSL coverage for bodily injury and property damage. Defendants admit Exhibit C appears to be a copy of the declarations page for the renewal policy sent to Lane in or around March 2004.

13. Defendants admit a certificate of insurance was provided to Riverside Turf Farm on or about March 10, 2004 and state that the certificate of insurance speaks for itself.

14. Defendants admit Young, Johnston & Associates purchased the McKnight Agency in November, 2004. Defendants are not required to respond to the remaining allegations of this paragraph as they call for legal conclusions. To the extent this paragraph contains allegations against the McKnight Agency and/or Joe McKnight, said allegations are denied.

## THE ACCIDENT

15.     Upon information and belief, admitted.  Defendants admit Exhibit D appears to be a copy of the Complaint in the underlying lawsuit.

16.     Defendants, upon information and belief, admit Lane was driving the 1995 International 940 truck insured by Progressive at the time of the accident and, apparently, was hauling a load for Riverside Turf.  Upon information and belief, Defendants admit Lane is being defended by Progressive for the allegations of the lawsuit against him.  Upon information and belief, Defendants admit Lane is contending he requested $1,000,000.00 of liability coverage but Defendants deny any allegations of wrongdoing against them.  Defendants admit Lane and his employer were provided many documents, including documents signed by Lane, showing coverage in the amount of $300,000.00.

## COUNT ONE

17.     Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1 – 15 above.

18.     Defendants deny any and all allegations of wrongdoing against them in this paragraph.  Regarding the second sentence of this paragraph, Defendants are not required to respond as it calls for a legal conclusion.  To the extent this paragraph contains allegations against the McKnight Agency and/or Joe McKnight, said allegations are denied.

19.     Denied.

## COUNT TWO

20.     Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1 – 18 above.

21. Defendants deny any and all allegations of wrongdoing against them in this paragraph. Regarding the second sentence of this paragraph, Defendants are not required to respond as it calls for a legal conclusion. To the extent this paragraph contains allegations against the McKnight Agency and/or Joe McKnight, said allegations are denied.

22. Denied.

## COUNT THREE

23. Defendants restate and incorporate by reference their responses to the allegations in paragraphs 1 – 22 above.

24. Defendants are not required to respond to the allegations of this paragraph. To the extent a response is required, Defendants deny any and all allegations against them in the Complaint, as amended. Defendants further deny they are responsible for any amount Lane and/or Progressive are required to pay in the underlying action.

## REQUESTED RELIEF

1. Defendants are not required to respond to this paragraph. To the extent a response is required, Defendants deny any and all allegations against them in the Complaint, as amended.

2. Defendants are not required to respond to the allegations of this paragraph. To the extent a response is required, Defendants deny any allegations against them in the Complaint, as amended.

3. Defendants deny all allegations against them in this paragraph. Defendants also deny any request for interest and costs against them and demand strict proof thereof.

    4.    Defendants deny the allegations against them in this paragraph. Defendants also deny Progressive is entitled to any relief against them and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring these claims.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead the applicable statutes of limitations to the extent they may apply.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver they are not guilty of the matters and things alleged in Plaintiff's Complaint and, further, Plaintiff's claims are barred in whole or in part because Defendants never engaged in or intended to engage in any conduct to harm Plaintiff whatsoever.

### FOURTH AFFIRMATIVE DEFENSE

Defendants plead waiver, estoppel, release, unclean hands, res judicata, payment, and collateral estoppel to the extent they may apply.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury or damage because of any act or omission by the Defendants or by any person or entity under their control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, consent, mistake, mutual mistake, fraud, and acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defenses of contributory negligence and/or comparative negligence and by the defense of assumption of the risk.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *In pari delicto.*

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants deny they are guilty of any conduct entitling Plaintiff to recover punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The alleged damages about which Plaintiff complain arose as a result of acts or omissions of others over whom Defendants had no control.  If Defendants were negligent in the manner provided by Plaintiff, which is denied, the acts or omissions of others were a superseding and intervening cause of any damages suffered by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants plead the general issue and state they are not guilty of the matters and things charged.

### FIFTEENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint and each count therein are untrue.

### SIXTEENTH AFFIRMATIVE DEFENSE

The subject transactions at issue in this case were arms-length transactions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The damages asserted on behalf of the Plaintiff are the result of an intervening and/or superseding cause.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint contains a misjoinder of parties and is due to be dismissed.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject to binding arbitration and therefore should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants deny any misrepresentation or suppression of material fact to any party.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants deny any present intent to deceive at the time any allegedly incorrect statements were made or material facts were suppressed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants deny any reasonable or justifiable reliance by any person and/or entity on any alleged material misrepresentations or suppressions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant breached no duty owed to Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the merger doctrine and the parol evidence rule.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants owed Plaintiff no duty.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants deny they were aware of any material facts that Plaintiff alleges were misrepresented and/or suppressed.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve any additional and further defenses as may constitute an avoidance or affirmative defense as may be revealed during discovery or upon receipt of additional information. Plaintiff's claims are or may be barred by the Statute of Repose and/or the Rule of Repose.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not a real party in interest, by assignment, or otherwise.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a declaratory judgment.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

No justiciable controversy exists between Plaintiff and these Defendants.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has no legally protected interest at this time.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and has failed to prove or even allege it is certain to suffer any damages allegedly due to the acts and omissions of these Defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims have not accrued.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not proven or even alleged an immediate or imminently threatening injury.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not proven or even alleged it will suffer hardship absent a ruling by the Court.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered an injury in fact.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their answer.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Anything not specifically admitted herein and which is not otherwise clear from these responses is denied.

### FORTIETH AFFIRMATIVE DEFENSE

The policy of insurance issued to Ricky Lane in March 2003 and renewed in March 2004 should be reformed, pursuant to Ala. Code § 8-1-2 (1975), to reflect limits of $1,000,000.00, due to mutual mistake and/or clerical error.

                    s/Mark E. Tindal
Stephen E. Whitehead
Mark E. Tindal
Erin E. May
Attorneys for Defendants

**OF COUNSEL:**

Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the following via e-filing, on this the  10th  day of November, 2005.

Randy Haynes
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011

Larry Bradford
Bradford Law Firm, P.C.
2020 Canyon Road, Suite 100
Birmingham, Alabama 35216

T. Randall Lyons
Webster, Henry & Lyons, P.C
Post Office Box 239
Montgomery, Alabama 36101

Jeffery W. Smith
Slaten & O'Connor
P.O. Box 1110
Montgomery, Alabama 36101

Jay S. Tuley
Alex L. Holtsford, Jr.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103

G. Thomas Yearout
Yearout, Spina & Lavelle, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242

Christina D. Crow
Lynn W. Jinks, III
Nathan A. Dickson, II
Jinks, Daniel & Crow
P.O. Box 350
Union Springs, Alabama 36089

                    s/Mark E. Tindal
                    OF COUNSEL