IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY<br>INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>McKNIGHT AGENCY, INC.; JOE<br>McKNIGHT; RICKY LANE;<br>RIVERSIDE TURF FARM; JANE<br>HOLMES, individually and as the<br>personal representative of the Estate of<br>Daisy Beasley, deceased,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br>2: 05 CV 438-W |

## RIVERSIDE TURF FARM'S COUNTER CLAIM

COMES NOW, the Defendant, Riverside Turf Farm, hereinafter referred to as "Riverside Turf", by and through its attorney of record, and files this Counter Claim against Progressive Specialty Insurance Company.

1.    In March of 2003, Ricky Lane went to the office of the McKnight Agency, Inc., in Abbeville, Alabama. Lane requested liability insurance on a 1995 international truck for a minimum of $750,000.00. Both Lane and McKnight knew that Lane is an over-the-road truck driver and is required by federal regulations to carry liability insurance in the minimum amount of $750,000.00. McKnight told Lane for not much more premium money he could obtain for Lane liability insurance coverage in the amount of $1,000,000.00. Lane agreed to take out liability insurance coverage in the amount of $1,000,000.00. On that day, McKnight acting in the course and scope of his agency with Progressive, gave to Lane an "Accord Insurance Binder" showing that Lane had liability insurance coverage in the amount of $1,000,000.00.

2.    This is the only document given to or received by Lane for the policy period with

the inclusive dates of 3-10-03 to 3-10-04. On the same date that McKnight gave this document to Ricky Lane, McKnight also faxed this document to Ray Morris at Riverside Turf providing Riverside Turf with the proof of $1,000,000.00 in liability coverage based upon the Accord Insurance Binder. Ray Morris or Riverside Turf never received any other declaration page or any policy of insurance with respect to this policy other than this liability insurance binder for $1,000,000.00.

3. When the policy period came up for renewal the following year, Lane went to the office of McKnight and gave McKnight a down payment check for the premium. Lane also purchased additional coverage for property damage in which Riverside Turf was named as an additional insured. However, this was not for the liability coverage, but merely for property damage coverage. After the renewal, McKnight, acting as an appointed agent of Progressive and in the course and scope of that agency, mailed Riverside Turf a document entitled, "Accord Certificate of Liability Insurance" showing that Lane had liability insurance coverage in the amount of $1,000,000.00. Again, this is the only document or piece of paper received by Riverside Turf or Ray Morris with regard to the policy renewal or to the amount of coverage under the liability portion of the policy. And again, based on this document, Riverside Turf relied upon this and allowed Lane to pull loads for Riverside Turf as an independent contractor. Riverside Turf would not have allowed Lane to pull loads for Riverside Turf if they had knowledge that there was not $1,000,000.00 in liability insurance coverage in effect.

4. Based upon information and belief, Lane paid his insurance premiums on the policy and the policy was in full force and effect. Further, based on testimony of Joe McKnight, if McKnight had properly filled out the computer program upon Lane's applying for the coverage, there is no question he would have provided $1,000,000.00 in liability coverage from Progressive.

5.  Following the accident in Troy, Pike County, Alabama, on July 6, 2004, Lane notified McKnight and Progressive of the accident. Shortly thereafter Lane learned from Progressive that it was their position that he only had insurance coverage in the amount of $300,000.00.

6.  When Lane learned this, he contacted Joe McKnight who stated at first this could not be correct and then when he pulled out Lane's file he saw that there was a mistake made on the application showing that instead of $1,000,000.00 in coverage he had put down $300,000.00. However, in his deposition, McKnight testified that this was a mistake on his part.

7.  In an effort to avoid its contractual obligations under the policy it issued to Lane, Progressive has filed this Declaratory Judgment Action. By doing so, Progressive has breached the contact of insurance as to Lane and also with Riverside Turf as an additional insured and as a third party beneficiary of the contract.

8.  At all times pertinent hereto, McKnight Agency, Inc., and Joe McKnight were acting as agents of Progressive within the scope and course of that agency.

9.  McKnight knew that Lane required liability insurance coverage in the amount of at least $750,000.00.

10. Progressive knew or should have known that Lane was required insurance coverage in at least the amount of $750,000.00 and this should have been clear to Progressive in the information contained in the original application.

11. Riverside Turf alleges, alternatively, and in the event that it is determined that liability insurance limits are only $300,000.00, that McKnight made material misrepresentation of fact to them upon which they relied and as a result they have been damaged. Riverside Turf alleges that these misrepresentations were made by McKnight innocently, negligently, wantonly, and/or intentionally by providing documentation to Riverside Turf showing $1,000,000.00 of

insurance coverage, which it relied to its detriment.

12. At all times pertinent hereto, McKnight was acting as an adviser to Lane in the area of insurance coverage and Riverside Turf as a third party beneficiary relied on the knowledge and expertise of McKnight to provide liability insurance coverage in the amount of $1,000,000.00.

13. McKnight had a fiduciary duty to Lane to provide him liability insurance coverage in the amount of $1,000,000.00.

14. Riverside Turf has been damaged by the wrongful acts of McKnight and Progressive. Ray Morris on behalf of Riverside Turf as a partner has been exposed to personal financial loss, has been caused to worry, lose sleep, incur mental anguish, and has otherwise been injured and damaged.

## COUNT I
## DECLARATORY JUDGMENT

15. Riverside Turf and Ray Morris hereby re-allege and incorporate by reference the allegations of paragraph one through fourteen of this Counter Claim.

16. Riverside Turf requests the Court to declare that the policy issued to Lane by Progressive provides $1,000,000.00 of liability coverage for claims arising from the underlying lawsuit.

## COUNT II
## ANTICIPATORY BREACH OF CONTRACT

17. Riverside Turf re-alleges and incorporates by reference the allegations of paragraphs one through sixteen of this Counter Claim.

18. By its acts, words, and deeds spoken to Riverside Turf as well as Lane, and otherwise committed by the filing of this lawsuit, Progressive has indicated its intention to only

provide $300,000.00 of liability insurance coverage to protect Riverside Turf.

19. Riverside Turf alleges that its coverage from liability insurance between Lane and Progressive provides for $1,000,000.00 of liability coverage.

20. Progressive has breached this insurance contract by its actions as stated above.

## COUNT III
## NEGLIGENCE

21. Riverside Turf re-alleges and incorporates by reference the allegations of paragraphs one through twenty of this Counter Claim.

22. Progressive knew or should have known that Lane was required by federal regulations to carry at least $750,000.00 of liability insurance coverage on the subject International truck.

23. Progressive had a duty to Riverside Turf and to Lane to provide coverage in at least that amount.

24. Progressive has breached its duty to Riverside Turf as well as to Lane by only providing liability insurance coverage in the amount of $300,000.00.

25. Riverside Turf has been injured and damaged as a proximate result of the negligence as stated above.

## COUNT IV
## NEGLIGENT SUPERVISION

26. Riverside Turf re-alleges and incorporates by reference the allegations of paragraphs one through twenty-five of this Counter Claim.

27. Progressive had a duty, at all pertinent times, to instruct and supervise McKnight in the performance of his duties as an appointed agent of Progressive.

28. Progressive negligently breached that duty.

29. As a proximate result of that negligence, Riverside Turf was injured and damaged

as alleged above.

## COUNT V
## MISREPRESENTATION

30. Riverside Turf re-alleges and incorporates by reference the allegations of paragraphs one through twenty-nine of this Counter Claim.

31. This count is made in the alternative.

32. McKnight Agency, Inc., and Joe McKnight made material misrepresentations to Riverside Turf. Progressive is liable for the wrongful acts of its agent, McKnight.

33. Riverside Turf relied on these misrepresentations.

34. As a direct and proximate result, Riverside Turf has been injured and damaged as alleged above.

## COUNT VI
## SUPPRESSION

35. Riverside Turf re-alleges and incorporates by reference the allegations of paragraphs one through thirty-four of this Counter Claim.

36. McKnight suppressed from Riverside Turf the true fact that there was only liability coverage in the amount of $300,000.00. Progressive is liable for the wrongful acts of its agent.

37. Riverside Turf was injured and damaged by the suppression of McKnight as alleged above.

## COUNT VII
## NEGLIGENCE

38. Riverside Turf re-alleges and incorporates by reference the allegations of paragraphs one through thirty-seven of this Counter Claim.

39. McKnight owed a duty to Riverside Turf to procure insurance coverage in the amount of at least $750,000.00.

40. McKnight by his actions stated above breached that duty.

41. Riverside Turf has been injured and damaged as alleged above and is a direct and proximate result of the negligence of McKnight.

## REQUESTED RELIEF

WHEREFORE, the premises considered, Riverside Turf requests the following relief:

1. A declaration by this Court that the liability insurance policy with Progressive provides coverage of $1,000,000.00.

2. Judgment in such amount of compensatory and punitive damages as a Court or jury may deem just.

3. Its cost in this action.

4. Such other or different relief to which Riverside Turf may be entitled.

*/s/ Christina D. Crow*
Christina D. Crow (CRO064)
Lynn W. Jinks, III (JIN002)
Nathan A. Dickson, II (DIC031)
Attorneys for Riverside Turf Farm

OF COUNSEL:

JINKS, DANIEL & CROW, P.C.
P. O .Box 350
Union Springs, AL  36089
(334) 738-4225
(334) 738-4229 *fax*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by efiling the same on this the __10__ day of __November__, 2005.

**Attorney for Plaintiff, Progressive Specialty Insurance Company**
R. Larry Bradford, Esq.
BRADFORD LAW FIRM, P.C.
2020 Canyon Road; Suite 100
Birmingham, AL  35216
(205) 871-7733

(205) 871-7387 *fax*

**Attorneys for Plaintiff, Jane Holmes, individually
and as Personal Representative of the Estate of Daisy Beasley, Plaintiff**
Randall Haynes, Esq.
Larry W. Morris, Esq.
MORRIS, HAYNES & HORNSBY
Post Office Box 1660
Alexander City, Alabama 35011-1660
(256) 329-2000
(256) 329-2015 *fax*

**Attorneys for Defendant, Riverside Turf**
Jay S. Tuley, Esq.
Alex L. Holtsford, Jr., Esq.
NIX, HOLTSFORD, GILLILAND, HIGGINS& HITSON, P.C.
Post Office Box 4128
Montgomery, AL 36103-4128
(334) 215-8585
(334) 215-7101 *fax*

**Attorney for Defendant, Riverside Turf**
Randall Lyons, Esq.
Webster, Henry & Lyons, P.C.
418 Scott Street
P. O. Box 239
Montgomery, AL 36101-0239
(334) 264-9472
(334) 264-9599 *fax*

**Attorneys for Defendant Joe McKnight**
Stephen Whitehead, Esq.
Mark E. Tindal, Esq.
Erin E. May, Esq.
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL 35223
(205) 967-8822
(205) 967-2380 *fax*

**Attorney for Excel Carriers**
G. Thomas Yearout, Esq.
YEAROUT, SPINA & LAVELLE, P.C.
1500 Urban Center Drive, Suite 450

Birmingham, AL 35242
(205) 298-1800
(205) 298-1802 *fax*

Jeffrey W. Smith, Esq.
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street, Suite 101
Montgomery, AL 36104
(334) 396-8882
(334) 396-8880 *fax*

_____
OF COUNSEL