IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CASE NO.: 2:05-CV-438-T |
| McKNIGHT AGENCY, INC.; JOE McKNIGHT; RICKY LANE; RIVERSIDE TURF FARM; JANE HOLMES, individually and as the personal representative of the Estate of DAISY BEASLEY, deceased, | |
| Defendants. | |

**AMENDED ANSWER TO SECOND AMENDED COMPLAINT**

COMES NOW the defendant, JANE HOLMES, individually and as the personal representative of the Estate of DAISY BEASLEY, deceased, and pursuant to this Court's Order of November 9, 2005, files this amended answer to the Plaintiff's Second Amended Complaint. The defendant, Jane Holmes, individually and as the person representative of the Estate of DAISY BEASLEY, deceased, answers the Plaintiff's Second Amended Complaint as follows:

1. Defendant Jane Holmes is correctly identified in the Complaint. She is the daughter of the deceased, Daisy Beasley, and was duly appointed the personal representative of her mother's estate. She is over the age of 19 years and is a resident citizen of Alexander City, Tallapoosa County, Alabama.

2. The amount in controversy is at a minimum of $700,000.

3. At all times relevant to this action, Joe McKnight was (and still is) a duly

appointed agent of Progressive Specialty Insurance Company (hereinafter "Progressive") to sell property, casualty and automobile insurance, including the insurance which was sold to Ricky Lane and on which this suit was based. At the time of the sale, Mr. McKnight sold insurance coverage to Ricky Lane through Progressive in the amount of one million dollars. Through his company, the McKnight Agency, Mr. McKnight issued a certificate of insurance to Riverside Turf reflecting liability limits of one million dollars. Mr. McKnight had the authority to bind Progressive.

    4.    Ricky Lane has testified under oath that he intended to purchase and was told that he purchased one million dollars in liability insurance. Mr. McKnight has also testified under oath that he intended to sell Mr. Lane one million dollars in liability insurance. At the time of the accident on July 6, 2004 when Daisy Beasley was killed by the actions of Ricky Lane and/or others, both Ricky Lane and Mr. McKnight believed he had in place one million dollars in liability insurance from Progressive. Mr. McKnight, in his capacity as Progressive's appointed agent, told Mr. Lane that he had one million dollars in liability insurance from Progressive. Mr. Lane gave Mr. McKnight a down payment on the premium based on Mr. McKnight's promise that in return for the premium, Mr. Lane would receive a policy of one million dollars in liability insurance from Progressive. At that moment, a contract was formed between Mr. Lane and Progressive through its agent, Mr. McKnight, for Progressive to provide Mr. Lane with one million dollars in liability insurance.

    5.    The Court should declare that the policy issued to Ricky Lane provided one million dollars of liability insurance and the requested relief by Progressive Specialty Insurance Company should be denied. Alternatively, because of a mutual

mistake between Ricky Lane and Progressive through its agent, Joe McKnight, this Court should reform the insurance contract to reflect that Mr. Lane had one million dollars in liability insurance from Progressive as of the date of the accident.

6. Jane Holmes admits that she has an interest in any judicial proceeding that might determine the amount of insurance coverage available to Ricky Lane.

7. Ricky Lane was obligated by federal law and Alabama law, as well as by contractual agreement with Riverside Turf, to have insurance limits of $750,000 or greater. Progressive was aware of this obligation of Ricky Lane through its agent, Joe McKnight.

8. Jane Holmes denies all other allegations of the complaint not specifically admitted herein.

Done on this the 8th day of November, 2005.

/s/ *Randall S. Haynes*
RANDALL S. HAYNES (HAYNR2865)
Attorney for Defendant Jane Holmes

OF COUNSEL:

**MORRIS, HAYNES and HORNSBY**
131 Main Street
Post Office Box 1660
Alexander City, Alabama 35011-1660
Telephone: 256-329-2000
Facsimile: 256-329-2015

## CERTIFICATE OF SERVICE

\_\_\_\_\_I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record as follows by electronic filing on this the 8th day of November, 2005.

/s/ *Randall S. Haynes*
OF COUNSEL

cc: R. Larry Bradford, Esq.
Bradford Law Firm, P.C.
2020 Canyon Road
Suite 100
Birmingham, Alabama 35216

Stephen E. Whitehead, Esq.
Erin E. May, Esq.
Mark E. Tindal, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

T. Randall Lyons, Esq.
Webster, Henry
Auburn Bank Center
132 N. Gay Street, Suite 211
Auburn, Alabama 36830
Facsimile No. 334-887-0983

Mr. Lynn Jinks
Ms. Christina Crow
Jinks, Daniel & Crow, P.C.
Post Office Box 350
Union Springs, Alabama 36089