IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY<br>INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>McKNIGHT AGENCY, INC.;<br>JOE McKNIGHT; RICKY LANE;<br>RIVERSIDE TURF FARM; JANE<br>HOLMES, individually and as the<br>personal representative of the Estate<br>of DAISY BEASLEY, deceased;<br>YOUNG, JOHNSTON &<br>ASSOCIATES, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case Number: 2:05-CV-438-W<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY TO RICKY LANE'S COUNTERCLAIM AS AMENDED BY COUNTER-DEFENDANT, PROGRESSIVE SPECIALTY INSURANCE COMPANY ("PROGRESSIVE")

First Defense.

Progressive denies that it knew that Ricky Lane ("Lane") required $750,000 of liability coverage. He was apparently hauling exempt commodities at the time of the accident. Further, he never informed Progressive that he was hauling in interstate commerce.

## Second Defense.

Progressive denies that Lane is entitled to $1 million of liability coverage. The agent submitted Lane's application for $300,000 of liability coverage. Progressive issued a policy which provided $300,000 of liability coverage which was in effect from March 10, 2003 to March 10, 2004. Lane would have been provided a declarations page to reflect that coverage.

Progressive issued endorsements on August 6, 2003 to change the description of the insured vehicle, to add a lienholder, and to change the address of the premium finance company. These endorsements reflected that Lane had $300,000 of liability coverage. Again, the endorsements would have been mailed by Progressive to Lane.

The Progressive policy renewed for the period from March 10, 2004 to March 10, 2005. Progressive would have mailed the declarations page to Lane which reflected that he had $300,000 of liability coverage. Thus, Progressive denies that Lane is entitled to declaratory relief as alleged in count one of the counterclaim. It demand strict proof thereof.

## Third Defense.

Progressive denies that it breached any policy or contract with Lane as alleged in count two of the counterclaim. It has provided a defense to Lane in the underlying state court case. It has offered its $300,000 of liability limits in settlement of the underlying wrongful death action.

### Fourth Defense.

Progressive denies that it was guilty of any negligence as alleged in count three of the counterclaim. It denies that it had any knowledge that Lane was required to maintain $750,000 of liability coverage. It demands strict proof thereof.

### Fifth Defense.

Progressive denies that it had any duty to supervise McKnight Agency (which was an independent agency) as alleged in count four of the counterclaim. It demands strict proof thereof.

### Sixth Defense.

Progressive denies that it is liable for any misrepresentations by McKnight Agency or Joe McKnight as alleged in count five of the counterclaim. It demands strict proof thereof.

### Seventh Defense.

Progressive denies that it is liable for any fraudulent suppression by McKnight Agency or Joe McKnight as alleged in count six of the counterclaim. It demands strict proof thereof.

### Eighth Defense.

The allegations of count seven are directed against McKnight, not against Progressive. To the extent that any allegations were made against Progressive, it denies each and every allegation of that count and demands strict proof thereof.

### Ninth Defense.

Progressive denies that Lane is entitled to reformation of the policy as alleged in count eight of the amended counterclaim.

### Tenth Defense.

Progressive avers that Lane contributed to cause his own injuries and damages by not reading the declarations pages which were mailed to him. It further denies that Lane reasonably relied upon any material misrepresentations by the agent because he had an opportunity to review the declarations pages sent to him by Progressive.

### Eleventh Defense.

Progressive denies that Lane is entitled to the relief requested in the counterclaim. It demands strict proof thereof.

/s/ R. Larry Bradford
R. Larry Bradford, Attorney for Plaintiff,
Progressive Specialty Insurance Company
Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

Case 2:05-cv-00438-WKW-SRW   Document 69   Filed 11/22/2005   Page 8 of 10


## CERTIFICATE OF SERVICE

I hereby certify that I have this the 22 day of November, 2005, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Erin E. May, Esq.
Stephen E. Whitehead, Esq.
Mark E. Tindal, Esq.
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

Randy Haynes, Esq.
Larry W. Morris, Esq.
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011

Christina D. Crow, Esq.
Jinks, Daniel & Crow
P.O. Box 350
Union Springs, Alabama 36089

_____
OF COUNSEL