# EXHIBIT D
## MARY ALICE FITZGERALD DEPOSITION

FREEDOM COURT REPORTING

Page 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PROGRESSIVE SPECIALTY INSURANCE COMPANY,

　　　Plaintiff,

　　　　　　　　　　　　　　　　CIVIL ACTION NUMBER
VS.

　　　　　　　　　　　　　　2:05-CV-438-W

McKNIGHT AGENCY, INC.; JOE McKNIGHT; RICKY LANE; RIVERSIDE TURF FARM; et al.,

　　　Defendants.

　　　　　　COPY

DEPOSITION OF MARY ALICE FITZGERALD

　　　　S T I P U L A T I O N S

　　　　IT IS STIPULATED AND AGREED, by and between the parties through their respective counsel, that the deposition of:

　　　MARY ALICE FITZGERALD,

may be taken before Carol J. Reyer, Commissioner, at The Courtyard Marriott, 4277 W. 150th Street, Cleveland, Ohio, on the 21st day of November, 2005, commencing at approximately 9:15 a.m.

367 VALLEY AVENUE
(877) 373-3660    BIRMINGHAM, ALABAMA    (205) 397-2397

FREEDOM COURT REPORTING

Page 17

| Time | Line | |
|---|---|---|
| 09:25:05 | 1 | do that. |
| 09:25:06 | 2 | Q.    (By Mr. Tindal)  All right. |
| 09:25:06 | 3 | Do you agree with what your lawyer just |
| 09:25:08 | 4 | said, ma'am? |
| 09:25:09 | 5 | A.    Yes. |
| 09:25:12 | 6 | Q.    Okay.  Do you have any |
| 09:25:13 | 7 | understanding how long Joe McKnight has |
| 09:25:15 | 8 | been an agent for Progressive? |
| 09:25:18 | 9 | A.    I can look at the contract and |
| 09:25:20 | 10 | see when it was signed. |
| 09:25:21 | 11 | Q.    Please do.  All right. |
| 09:25:36 | 12 | A.    February 5th of 1998. |
| 09:25:41 | 13 | Q.    Do you think he has sold |
| 09:25:46 | 14 | insurance -- |
|  | 15 | MR. BRADFORD:  They must be |
|  | 16 | joining us. |
| 09:25:46 | 17 | MR. TINDAL:  Do we have |
| 09:25:47 | 18 | someone joining us? |
| 09:25:49 | 19 | MR. DICKSON:  Yeah, this is |
| 09:25:51 | 20 | Nathan Dickson in Union Springs.  Sorry. |
| 09:25:54 | 21 | MR. TINDAL:  All right, no |
|  | 22 | problem. |
| 09:25:54 | 23 | Q.    (By Mr. Tindal)  Okay.  Do you |

FREEDOM COURT REPORTING

Page 36

| | | |
|---|---|---|
| 09:46:05 | 1 | Q. Would those be sent at the |
| 09:46:06 | 2 | same time? |
| 09:46:07 | 3 | A. For the new business, correct. |
| 09:46:08 | 4 | Q. All right. So, let's say in |
| 09:46:10 | 5 | March of 2003 when Ricky Lane got the |
| 09:46:16 | 6 | policy from the application that he |
| 09:46:18 | 7 | submitted at Joe McKnight's office, all |
| 09:46:20 | 8 | right, that's what I'm talking about right |
| 09:46:22 | 9 | now, okay? |
| 09:46:23 | 10 | A. Okay. |
| 09:46:23 | 11 | Q. After that was submitted and |
| 09:46:25 | 12 | approved, a policy and a declarations page |
| 09:46:28 | 13 | would have been sent; is that right? |
| 09:46:29 | 14 | A. Correct. |
| 09:46:29 | 15 | Q. And it would have gone to |
| 09:46:31 | 16 | Ricky Lane, correct? |
| 09:46:32 | 17 | A. Correct. |
| 09:46:32 | 18 | Q. And it would have also gone to |
| 09:46:34 | 19 | Joe McKnight, correct? |
| 09:46:35 | 20 | A. Joe McKnight would receive the |
| 09:46:37 | 21 | dec pages, but not the policy jacket. |
| 09:46:39 | 22 | Q. Okay. Does Progressive use |
| 09:46:42 | 23 | its own address as the return address on |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 39

| | |
|---|---|
| 1 | (Defendant's Exhibit No. 6 |
| 2 | marked for identification.) |
| 09:48:50  3 | MR. TINDAL: Here's No. 6, and |
| 09:48:52  4 | we can mark it however you want to do it. |
| 09:48:53  5 | Do you want to put all of them as one? |
| 09:48:55  6 | MR. BRADFORD: Well, that may |
| 09:48:56  7 | be just as easy. Everything's certified. |
| 09:49:00  8 | I'm going to just put her whole file as |
| 09:49:04  9 | Exhibit 6. |
| 10 | MR. TINDAL: That's great. |
| 09:49:04  11 | MR. BRADFORD: And that way |
| 09:49:05  12 | you've got a certified app, a certified |
| 09:49:08  13 | dec page and a copy of the policy jacket. |
| 09:49:11  14 | Is that fair? |
| 09:49:13  15 | MR. TINDAL: All right. We're |
| 09:49:15  16 | going to put it in a -- keep it in this |
| 09:49:17  17 | folder? |
| 09:49:20  18 | MR. BRADFORD: That's fine |
| 09:49:20  19 | with me. |
| 09:49:36  20 | Q. (By Mr. Tindal) All right. |
| 09:49:36  21 | Looking in your documents here, we've got |
| 09:49:38  22 | a declarations page that's dated August 6 |
| 09:49:42  23 | of 2003; is that correct? |

367 VALLEY AVENUE
(877) 373-3660    BIRMINGHAM, ALABAMA    (205) 397-2397

| | |
|---|---|
| 09:49:50 | 1 |
| 09:49:50 | 2 |
| 09:49:51 | 3 |
| 09:49:55 | 4 |
| 09:49:59 | 5 |
| 09:50:07 | 6 |
| 09:50:09 | 7 |
| 09:50:10 | 8 |
| 09:50:11 | 9 |
| 09:50:14 | 10 |
| 09:50:14 | 11 |
| 09:50:15 | 12 |
| 09:50:16 | 13 |
| 09:50:18 | 14 |
| 09:50:19 | 15 |
| | 16 |
| 09:50:20 | 17 |
| 09:50:21 | 18 |
| 09:50:23 | 19 |
| 09:50:25 | 20 |
| 09:50:25 | 21 |
| 09:50:27 | 22 |
| 09:50:28 | 23 |

A. Yes.

Q. All right. Is it your understanding that the declarations page was sent due to a change in the insured vehicle?

A. If this was the one that came after this, yes.

MR. BRADFORD: Mark, do you care if I say one thing just to clear it up?

MR. TINDAL: Go right ahead.

MR. BRADFORD: I think there's three of them dated --

MR. TINDAL: I'm aware of that, yes.

MR. BRADFORD: Okay.

Q. (By Mr. Tindal) Then looking on the second page, it has nothing listed as the lienholder, correct?

A. Correct.

Q. It does have a premium finance company listed, correct?

A. Correct.

FREEDOM COURT REPORTING

Page 41

```
09:50:30  1        Q.    And then we have another one
09:50:32  2   that's also dated August 6 of 2003,
09:50:35  3   correct?
09:50:35  4        A.    Correct.
09:50:36  5        Q.    And are the front two pages
09:50:39  6   the same -- I mean, are the first pages of
09:50:41  7   each of these documents identical?
09:50:44  8        A.    No, not identical.
09:50:45  9        Q.    What's different?
09:50:47 10        A.    Where it's telling you the
09:50:48 11   reason for the insurance endorsement.
09:50:51 12        Q.    Which is -- how is the second
09:50:53 13   one different?
09:50:54 14        A.    It tells you loss payee 01
09:50:57 15   added.
09:50:58 16        Q.    All right.  So, we flip to the
09:51:00 17   second page of that document, and it has
09:51:04 18   -- what is different on the second page?
09:51:06 19        A.    A loss payee, or on here it
09:51:08 20   reads lienholder, vehicle one added.
09:51:10 21        Q.    And I'm sorry, could you read
09:51:12 22   the -- I know the document says what it
09:51:14 23   says, but could you read it?
```

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 42

| | | |
|---|---|---|
| 09:51:16 | 1 | A. Riverside Turf, 11969 State |
| 09:51:20 | 2 | Highway 10 E., Shorterville, Alabama |
| 09:51:26 | 3 | 36373. |
| 09:51:28 | 4 | Q. All right. So, would the |
| 09:51:31 | 5 | lienholder, as of August 6, 2003, receive |
| 09:51:40 | 6 | any documents from Progressive? |
| 09:51:53 | 7 | A. Yes. |
| 09:51:53 | 8 | Q. What would they receive, say, |
| 09:51:56 | 9 | first of all in August of 2003? |
| 09:52:03 | 10 | A. They'll receive a dec page. |
| 09:52:04 | 11 | Q. And it would be sent to that |
| 09:52:06 | 12 | address that you just read to us? |
| 09:52:08 | 13 | A. Yes. |
| 09:52:08 | 14 | Q. And would the dec page be |
| 09:52:10 | 15 | identical to the first page of the |
| 09:52:11 | 16 | document you're looking at? |
| 09:52:13 | 17 | A. I believe so. |
| 09:52:17 | 18 | Q. Thank you. I'll put these |
| 09:52:18 | 19 | back. |
| 09:52:29 | 20 | MR. BRADFORD: Did you notice |
| 09:52:30 | 21 | those are really different dates, even |
| 09:52:32 | 22 | though they're all effective August 6? |
| 09:52:36 | 23 | MR. TINDAL: How can you tell? |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 44

| | | |
|---|---|---|
| 09:53:11 | 1 | MR. TINDAL: The first two |
| 09:53:12 | 2 | digits are the year, the last three digits |
| 09:53:15 | 3 | are the day of the year? |
| | 4 | MR. BRADFORD: Right. |
| 09:53:17 | 5 | THE WITNESS: Correct. |
| 09:53:17 | 6 | Q. (By Mr. Tindal) And tell me |
| 09:53:18 | 7 | what the third August 2003 declarations |
| 09:53:23 | 8 | page is about. |
| 09:53:25 | 9 | A. They changed the address of |
| 09:53:26 | 10 | the premium finance company. |
| 09:53:28 | 11 | Q. All right. Do they go in this |
| 09:53:38 | 12 | order? |
| 09:53:44 | 13 | A. Yes. |
| 09:53:52 | 14 | Q. All right. The next document |
| 09:53:54 | 15 | we have is a March 2004 declarations page; |
| 09:53:58 | 16 | is that correct? |
| 09:54:07 | 17 | A. This is the renewal policy. |
| 09:54:08 | 18 | Q. Okay. So, that would have |
| 09:54:10 | 19 | been done sometime around March 10 of |
| 09:54:12 | 20 | 2004, correct? |
| 09:54:14 | 21 | A. Correct. |
| 09:54:15 | 22 | Q. Who all would have received |
| 09:54:17 | 23 | this declarations page? |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

```
09:54:22   1        A.     The insured, being Ricky Lane;
09:54:25   2   the agent, McKnight Agency; the
09:54:29   3   lienholder, Riverside Turf; and the
09:54:35   4   outside premium finance company also
09:54:37   5   receives notification.
09:54:47   6        Q.     I show you the next one, and
09:54:49   7   tell me what this is that's in your file.
09:54:57   8        A.     This is an endorsement.
09:55:00   9        Q.     For what policy year?
09:55:02  10        A.     For Ricky Lane for March 10,
09:55:07  11   2004, to March 10th, 2005.
09:55:13  12        Q.     And that would have been sent
09:55:15  13   along with -- or when would that have been
09:55:18  14   sent?
09:55:24  15        A.     October -- it's printed on
09:55:26  16   October 16th, so it's sent on October
09:55:28  17   17th.
09:55:30  18        Q.     Why was that document sent, to
09:55:32  19   your knowledge?
09:55:36  20        A.     It says that the coverage has
09:55:38  21   changed.
09:55:38  22        Q.     All right.  How would it have
09:55:39  23   changed?  Is this when it was increased to
```

FREEDOM COURT REPORTING

Page 56

| | | |
|---|---|---|
| 10:08:19 | 1 | information was selected from a drop down |
| 10:08:21 | 2 | menu? |
| 10:08:24 | 3 | A.    Not to my knowledge. |
| 10:08:25 | 4 | Q.    Have you ever heard of it |
| 10:08:26 | 5 | happening anywhere in Progressive with one |
| 10:08:29 | 6 | of its agents? |
| 10:08:33 | 7 | A.    Not to my knowledge, no. |
| 10:08:39 | 8 | MR. TINDAL:  I believe that's |
| 10:08:40 | 9 | all I have. |
| | 10 | EXAMINATION BY MR. HAYNES: |
| 10:08:42 | 11 | Q.    Ms. Fitzgerald, my name is |
| 10:08:43 | 12 | Randy Haynes, and I represent the family |
| 10:08:45 | 13 | of the lady that was killed in the |
| 10:08:46 | 14 | accident, Jane Holmes, whose mother was |
| 10:08:49 | 15 | killed, and I have a few questions also |
| 10:08:52 | 16 | for you. |
| 10:08:54 | 17 | What is your title with |
| 10:08:55 | 18 | Progressive Specialty? |
| 10:08:57 | 19 | A.    Customer service manager. |
| 10:08:58 | 20 | Q.    And tell me what your areas of |
| 10:09:01 | 21 | responsibility are as a customer service |
| 10:09:04 | 22 | manager. |
| 10:09:04 | 23 | A.    Right now, I manage a dispatch |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

| | | |
|---|---|---|
| 10:17:30 | 1 | of '98.  Do you see that? |
| 10:17:31 | 2 | A.     Yes. |
| 10:17:32 | 3 | Q.     And the designated producer is |
| 10:17:33 | 4 | the McKnight Agency from Abbeville |
| 10:17:37 | 5 | Alabama; is that right? |
| 10:17:38 | 6 | A.     Correct. |
| 10:17:38 | 7 | Q.     Under Article II, the heading |
| 10:17:40 | 8 | is authority.  Do you see that? |
| 10:17:42 | 9 | A.     Yes. |
| 10:17:42 | 10 | Q.     It states there that you have |
| 10:17:44 | 11 | the authority to solicit, provide quotes, |
| 10:17:48 | 12 | receive applications, bind coverage in |
| 10:17:52 | 13 | Alabama; is that right? |
| 10:17:55 | 14 | A.     It does read that. |
| 10:17:56 | 15 | Q.     Okay.  And I left out some |
| 10:17:58 | 16 | other things about collect premiums, but |
| 10:18:00 | 17 | it states that the McKnight Agency has the |
| 10:18:03 | 18 | authority to bind coverage in the State of |
| 10:18:06 | 19 | Alabama; is that right? |
| 10:18:08 | 20 | A.     Right. |
| 10:18:09 | 21 | Q.     Okay.  So, we can agree that |
| 10:18:12 | 22 | Mr. McKnight did have the authority |
| 10:18:13 | 23 | pursuant to the producers agreement, |

**FREEDOM COURT REPORTING**

Page 65

| | | |
|---|---|---|
| 10:18:16 | 1 | Exhibit 3, to bind coverage, true? |
| 10:18:19 | 2 | A. Correct. |
| 10:18:23 | 3 | Q. Let's flip over to -- no, not |
| 10:18:32 | 4 | flip over. Let's go down to Paragraph B |
| 10:18:34 | 5 | where it says you have no authority to and |
| 10:18:37 | 6 | you will not bind us on insurance |
| 10:18:41 | 7 | coverage, oh, based on information you |
| 10:18:56 | 8 | knew or had reason to know is false or -- |
| 10:19:01 | 9 | MR. BRADFORD: Inaccurate. |
| 10:19:02 | 10 | Q. -- inaccurate? |
| 10:19:03 | 11 | A. Correct. |
| 10:19:04 | 12 | Q. Okay. There is no issue here, |
| 10:19:07 | 13 | is there, Ms. Fitzgerald, that Ricky |
| 10:19:12 | 14 | Lane's coverage was based on faulty or |
| 10:19:18 | 15 | false or inaccurate information, is there? |
| 10:19:24 | 16 | A. I believe they gave us -- we |
| 10:19:27 | 17 | rated it on the information that they gave |
| 10:19:29 | 18 | us. |
| 10:19:29 | 19 | Q. Okay. And that information |
| 10:19:31 | 20 | given you, Progressive is not questioning |
| 10:19:33 | 21 | that information, is it? |
| 10:19:35 | 22 | A. I don't believe so. |
| 10:19:36 | 23 | Q. Okay. And the reason I ask |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 71

| Time | Line | |
|---|---|---|
| 10:24:39 | 1 | Q.  Was it in your department? |
| 10:24:41 | 2 | A.  No. |
| 10:24:41 | 3 | Q.  What department was that in? |
| 10:24:44 | 4 | A.  I believe it's in Larry's |
| 10:24:46 | 5 | department. |
| 10:24:46 | 6 | Q.  Larry Lackey? |
| 10:24:48 | 7 | A.  Yes.  Sorry. |
| 10:25:00 | 8 | Q.  Stacy Swansinger, compliance |
| 10:25:03 | 9 | specialist, who is that? |
| 10:25:07 | 10 | A.  It's probably the person who |
| 10:25:08 | 11 | works over in our agent licensing |
| 10:25:11 | 12 | department. |
| 10:25:11 | 13 | Q.  Okay.  Would he or she have |
| 10:25:13 | 14 | any responsibility for determining what |
| 10:25:16 | 15 | level of limits would be applicable? |
| 10:25:20 | 16 | A.  No. |
| 10:25:20 | 17 | Q.  Okay.  That's more agent |
| 10:25:22 | 18 | licensing? |
| 10:25:22 | 19 | A.  Yes. |
| 10:25:37 | 20 | Q.  Also in the producers |
| 10:25:40 | 21 | agreement, Article VIII, which is on Page |
| 10:25:42 | 22 | 16, and I'll just let you look at that, |
| 10:25:45 | 23 | this appears to me to be an |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 72

| | | |
|---|---|---|
| 10:25:48 | 1 | indemnification, indemnification provision |
| 10:25:59 | 2 | whereby the agent has agreed to hold |
| 10:26:06 | 3 | Progressive harmless for any and all |
| 10:26:09 | 4 | liabilities or losses due to any acts, |
| 10:26:12 | 5 | errors or omissions on their part; is that |
| 10:26:15 | 6 | right? |
| 10:26:15 | 7 | A. That's correct. |
| 10:26:16 | 8 | Q. Okay. Is that a standard |
| 10:26:19 | 9 | provision in your producer agreements |
| 10:26:21 | 10 | today? |
| 10:26:24 | 11 | A. Yes. |
| 10:26:24 | 12 | Q. And was that standard in 1998 |
| 10:26:27 | 13 | when Exhibit 3 was executed between the |
| 10:26:30 | 14 | McKnight Agency and Progressive? |
| 10:26:33 | 15 | A. Yes. |
| 10:26:35 | 16 | Q. And is your understanding of |
| 10:26:38 | 17 | that that Mr. McKnight ultimately has |
| 10:26:41 | 18 | agreed to indemnify Progressive if he; |
| 10:26:45 | 19 | that is, Mr. McKnight, made an error? |
| 10:26:48 | 20 | MR. TINDAL: Object to the |
| 10:26:49 | 21 | form. |
| 10:26:49 | 22 | MR. BRADFORD: Overruled. |
| 10:26:50 | 23 | Q. (By Mr. Haynes) You may |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397