IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

JANE HOLMES, Individually and as PERSONAL REPRESENTATIVE of the
ESTATE OF DAISY BEASLEY
    PLAINTIFFS,

CV-04 B-247

V.

RIVERSIDE TURF, a corporation; EXCEL CARRIERS, a corporation, W.S. BADCOCK, a corporation, RICKY LANE, an individual; No. 1, whether singular or plural, that certain person or persons, entity or entities, who or which had responsibility for the vehicle which collided with Plaintiff's decedent's vehicle at the occurrence made the basis of this suit; No. 2, whether singular or plural, that certain person or persons, entity or entities, who or which is the employer of the operator of the vehicle involved in the accident made the basis of this suit; No. 3, whether singular or plural, that certain person or persons, entity or entities, who is the successor in interest to the employer of the operator of the vehicle which caused the death of Plaintiffs' decedent; No. 4, whether singular or plural, that certain person or persons, entity or entities, who or which is the owner of the vehicle which caused the death of Plaintiffs' decedent; No. 5, whether singular or plural, that certain person or persons, entity or entities, who or which is the successor in interest to the owner of the vehicle which caused the death of Plaintiffs' decedent; No. 6, whether singular or plural, that certain person or persons, entity or entities, whose negligence in any way caused Plaintiffs' decedent's death; No. 7, whether singular or plural, that certain person or persons, entity or entities, under whose I.C.C. authority or other appropriate regulatory authority the vehicle which collided with the BEASLEY vehicle was being operated at the time of the incident made the basis of this suit. Fictitious parties defendant No. 8, whether singular or plural, is that certain person or persons, entity or entities, of which RIVERSIDE TURF and/or EXCEL CARRIERS and/or W.S. BADCOCK CORPORATION is a wholly owned subsidiary. Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff, their identities as proper parties defendant are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

    DEFENDANTS.

1

## COMPLAINT

1. The Plaintiff, JANE HOLMES, is an adult resident citizen of Alabama over the age of nineteen years and is the daughter of the deceased. She has been duly appointed as Personal Representative of the Estate of Daisy Beasley. Jane Holmes brings suit individually and in her capacity as Personal Representative of the Estate of Daisy Beasley.

2. The Defendant, RIVERSIDE TURF is a domestic corporation licensed to do business in the state of Alabama. RIVERSIDE TURF is the owner of the tractor and/or trailer which was involved in the collision with the Beasley vehicle on or about July 6, 2004. RIVERSIDE TURF was doing business by agent in Pike County, Alabama on July 6, 2004.

3. The Defendant, RICKY LANE, is an individual who is an adult resident citizen of Shorterville, Alabama. RICKY LANE was the driver of the tractor trailer which was involved in the collision with the Beasley vehicle on or about July 6, 2004.

4. The Defendant, W.S. BADCOCK is a domestic corporation licensed to do business in the state of Alabama. W.S. BADCOCK is the owner of one of the tractors and/or trailers which were involved in the collision with the Beasley vehicle on or about July 6, 2004. W.S.BADCOCK was doing business by agent in Pike County, Alabama on July 6, 2004.

Case 2:05-cv-00438-WKW-SRW    Document 77-14    Filed 11/25/2005    Page 3 of 15
Case 2:05-cv-00438-MHT-SRW    Document 19-5    Filed 07/07/2005    Page 4 of 16
Oct 02 05    p.5

5.  The Defendant, EXCEL CARRIERS is a domestic corporation licensed to do business in the state of Alabama. EXCEL CARRIERS is the owner of one of the tractors and/or trailers which were involved in the collision with the Beasley vehicle on or about July 6, 2004. EXCEL CARRIERS was doing business by agent in Pike County, Alabama on July 6, 2004.

6.  Fictitious parties defendant No. 1, whether singular or plural, is that certain person or persons, entity or entities, who or which had responsibility for the vehicle which collided with the Beasley vehicle at the occurrence made the basis of this suit. Fictitious parties defendant No. 2, whether singular or plural, is that certain person or persons, entity or entities, who or which is the employer of the operator of the vehicle involved in the accident made the basis of this suit. Fictitious parties defendant No. 3, whether singular or plural, is that certain person or persons, entity or entities, who is the successor in interest to the employer of the operator of the vehicle which caused the death of Daisy Beasley. Fictitious parties defendant No. 4, whether singular or plural, is that certain person or persons, entity or entities, who or which is the owner of the vehicle which caused the death of Daisy Beasley. Fictitious partes defendant No. 5, whether singular or plural, is that certain person or persons, entity or entities, who or which is the successor in interest to the owner of the vehicle which caused the death of Daisy Beasley. Fictitious parties defendant No. 6, whether singular or plural, is that

certain person or persons, entity or entities, whose negligence in any way caused the the death of Daisy Beasley. Fictitious parties defendant No. 7, whether singular or plural, is that certain person or persons, entity or entities, under whose D.O.T. authority or other appropriate regulatory authority the vehicle which collided with the Beasley vehicle was being operated at the time of the incident made the basis of this suit. Fictitious parties defendant No. 8, whether singular or plural, is that certain person or persons, entity or entities, of which RIVERSIDE TURF, and/or EXCEL CARRIERS and/or W.S. BADCOCK CORPORATION is a wholly owned subsidiary.

7. Plaintiffs aver that the identities of the fictitious parties defendant herein are otherwise unknown to the Plaintiffs at this time, or if their names are known to the Plaintiffs, their identities as proper parties defendant are not known to Plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

## COUNT ONE
## WRONGFUL DEATH:
## NEGLIGENCE AND/OR WANTONNESS OF RIVERSIDE TURF

8. The Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

9. On or about July 6, 2004 the Plaintiff's decedent, Daisy Beasley, was driving a 1996 Mercury Grand Marquis south bound on U.S. Highway 231. The Beasley vehicle was in the turn lane waiting to turn left when she was struck from the

4

rear by the Riverside Turf tractor trailer driven by Ricky Lane. Plaintiffs aver that at said time and place, Ricky Lane, an employee of the Defendant, RIVERSIDE TURF, acting within the line and scope of his employment with said Defendant, was operating a tractor trailer rig in a negligent and/or wanton manner by colliding with the Plaintiffs' vehicle. The tractor trailer rig in question was owned by the Defendant, RIVERSIDE TURF or by Ricky Lane but RIVERSIDE TURF had a financial interest in said rig. As a result of this collision, Daisy Beasley was killed.

10. Upon information and belief, RICKY LANE was operating the tractor trailer in question under the Department of Transportation number issued to RIVERSIDE TURF. Therefore, that Defendant under whose federal certificate authority the tractor-trailer was operated is legally responsible for any negligence and/or wantonness of RICKY LANE.

11. The conduct of the Defendant's employee, as described herein, was wrongful, negligent and/or wanton and renders the Defendant, RIVERSIDE TURF, and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 liable to the Plaintiffs under the doctrine of respondeat superior.

12. As a proximate result of the negligence and/or wantonness of the Defendant, RIVERSIDE TURF and fictitious parties defendant 1, 2, 3, 4, 5, 6,7, and 8 DAISY BEASLEY was wrongfully killed. The aforesaid negligent and/or wrongful

Oct 05 04 02:04p    McKnight Agency                3342595514          p.8
Case 2:05-cv-00438-WKW-SRW   Document 77-14   Filed 01/25/2005   Page 6 of 15
Case 2:05-cv-00438-MHT-SRW   Document 19-5    Filed 07/07/2005   Page 7 of 16

conduct of the Defendants combined and concurred to proximately cause the wrongful death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, RIVERSIDE TURF, RICKY LANE and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT TWO
## WRONGFUL DEATH:
## NEGLIGENCE AND WANTONNESS AGAINST RICKY LANE

13. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

14. Plaintiffs aver that at the time of the accident made the basis of this suit, the Defendant, RICKY LANE, was operating the tractor trailer rig which was involved in the collision with the BEASLEY vehicle on July 6, 2004 in a negligent and/or wanton manner. This negligent and/or wanton conduct was a proximate cause of the death of DAISY BEASLEY, and renders the Defendant, RICKY LANE, liable to the Plaintiffs for her death. Plaintiffs further aver that the conduct of the Defendants combined and concurred with the actions of the Defendant, RICKY LANE, to cause the death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, RICKY

6

LANE, and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT THREE
## WRONGFUL DEATH:
## NEGLIGENCE AND/OR WANTONNESS OF W.S. BADCOCK

15. The Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

16. On or about July 6, 2004 the Plaintiff' decedent, Daisy Beasley, was driving a 1996 Mercury Grand Marquis south bound on U.S. Highway 231. The Beasley vehicle was in the turn lane waiting to turn left when she was struck from the rear by Ricky Lane and pushed under the tractor trailer rig owned and operated by EXCEL CARRIERS and/or W. S. BADCOCK. Plaintiffs aver that at said time and place, EXCEL CARRIERS, was operating said rig but was pulling the trailer and freight of W. S. BADCOCK. Defendant, EXCEL CARRIERS and/or W.S. BADCOCK was operating said tractor trailer rig in a negligent and/or wanton manner and it collided with the Plaintiffs' vehicle thereby causing injury and death to Daisy Beasley. The tractor trailer rig in question was acting as an agent of the Defendant, W.S. BADCOCK.

17. Upon information and belief, EXCEL CARRIERS was operating the tractor trailer in question under the DOT authority of W.S. BADCOCK. Further, under said authority, the tractor and trailer rig are considered as one unit and thus W. S.

7

BADCOCK is legally responsible for any negligence and/or wantonness of EXCEL CARRIERS and vice-versa.

18. The conduct of the Defendant's employee, as described herein, was wrongful, negligent and/or wanton and renders the Defendant, W.S. BADCOCK, and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 liable to the Plaintiffs under the doctrine of respondeat superior.

19. As a proximate result of the negligence and/or wantonness of the Defendant, W.S. BADCOCK and fictitious parties defendant 1, 2, 3, 4, 5, 6,7, and 8 DAISY BEASLEY was wrongfully killed. The aforesaid negligent and/or wrongful conduct of the Defendants combined and concurred to proximately cause the wrongful death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, W.S. BADCOCK. EXCEL CARRIERS and fictitious parties defendant 1, 2, 3, 4, 5, 6 ,7 and 8 for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT FOUR
## WRONGFUL DEATH:
## NEGLIGENCE AND/OR WANTONNESS OF EXCEL CARRIERS

20. Plaintiffs reaver and reallege all the allegations in the previous paragrap

8

as if set out in full herein.

21. Plaintiffs aver that at the time of the accident made the basis of this suit, the Defendant, EXCEL CARRIERS, was operating the tractor trailer rig which was involved in the collision with the BEASLEY vehicle on July 6, 2004 in a negligent and/or wanton manner. This negligent and/or wanton conduct was a proximate cause of the death of DAISY BEASLEY, and renders the Defendant, EXCEL CARRIERS, liable to the Plaintiffs for her death. Plaintiffs further aver that the conduct of fictitious parties defendant No. 1, 2, 3, 4, 5, 6, 7 and 8 combined and concurred with the actions of the Defendant, EXCEL CARRIERS, to cause the death of DAISY BEASLEY.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, EXCEL CARRIERS, and fictitious parties defendant 1, 2, 3, 4, 5, 6, 7 and 8 for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT FIVE
## NEGLIGENT OR WANTON ENTRUSTMENT

22. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

23. Plaintiffs aver that at the time of the incident made the basis of this complaint Defendant, RICKY LANE, was unqualified, unfit, or otherwise unable to safely operate the tractor trailer which he was operating at the time of the collision.

9

24. Defendant, RIVERSIDE TURF, knew or through the exercise of reasonable diligence should have known that Defendant RICKY LANE, was unqualified, unfit, or otherwise unable to safely operate the tractor trailer rig.

25. Defendant, RIVERSIDE TURF, entrusted a tractor trailer to Defendant RICKY LANE knowing that he was unqualified, unfit, or otherwise unable to safely operate the tractor trailer rig or Defendant, RIVERSIDE TURF, entrusted the tractor trailer rig to Defendant LANE when through the exercise of reasonable diligence could or should have known that he was unable to safely operate the tractor trailer rig.

26. As a result of the negligent or wanton entrustment as described above by RIVERSIDE TURF, Defendant LANE caused a collision which resulted in the death of DAISY BEALSEY.

27. Plaintiffs further aver that the conduct of RIVERSIDE TURF combined and concurred with the conduct of the Defendants to cause the death of DAISY BEASLEY.

28. WHEREFORE, Plaintiffs demand judgment against the defendants jointly and severally in an amount that would be mete, just and proper under the circumstances.

## COUNT SIX
## NEGLIGENT OR WANTON HIRING, TRAINING, OR SUPERVISION

29. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

30. Plaintiffs aver that Defendant, RIVERSIDE TURF, was negligent or wanton in hiring RICKY LANE.

31. Plaintiffs aver that inadequate screening, testing, background checks, and other such methods were realized by Defendant, RIVERSIDE TURF, prior to extending an offer of employment to Defendant, RICKY LANE.

32. Plaintiffs further aver Defendants were negligent in their training or supervision of Defendant, RICKY LANE.

33. Plaintiffs further aver Defendants negligent hiring, training and/or supervision of Defendant LANE proximately caused the death of DAISY BEASLEY.

34. Plaintiffs further aver that the conduct of RIVERSIDE TURF combined and concurred with the conduct of Defendant LANE and fictitious parties defendant No. 1, 2, 3, 4, 5, 6, 7 and 8 to cause the death of DAISY BEASLEY.

35. WHEREFORE, plaintiffs demand judgment against Defendants jointly and severally in an amount that would be mete, just and proper under the circumstances.

## COUNT SIX
## NEGLIGENT OR WANTON ENTRUSTMENT
## W.S. BADCOCK

11

36.. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

37. Plaintiffs aver that at the time of the incident made the basis of this complaint Defendant, EXCEL CARRIERS, was unqualified, unfit, or otherwise unable to safely operate the tractor trailer which they were operating at the time of the collision.

38. Defendant, W.S. BADCOCK, knew or through the exercise of reasonable diligence should have known that Defendant EXCEL CARRIERS, was unqualified, unfit, or otherwise unable to safely operate the tractor trailer rig.

39. Defendant, W.S. BADCOCK, entrusted a tractor trailer to Defendant EXCEL CARRIERS knowing that they were unqualified, unfit, or otherwise unable to safely operate the tractor trailer rig or Defendant, W.S. BADCOCK, entrusted the tractor trailer rig to Defendant EXCEL CARRIERS when through the exercise of reasonable diligence could or should have known that they were unable to safely operate the tractor trailer rig.

40. As a result of the negligent or wanton entrustment as described above by W.S. BADCOCK Defendant EXCEL CARRIERS caused a collision which resulted in the death of DAISY BEALSEY.

41. Plaintiffs further aver that the conduct of W.S. BADCOCK

12

combined and concurred with the conduct of EXCEL CARRIERS to cause the death of DAISY BEASLEY.

42. WHEREFORE, Plaintiffs demand judgment against the defendants jointly and severally in an amount that would be mete, just and proper under the circumstances.

## COUNT SIX
## NEGLIGENT OR WANTON HIRING, TRAINING, OR SUPERVISION

43. Plaintiffs reaver and reallege all the allegations in the previous paragraphs as if set out in full herein.

44. Plaintiffs aver that Defendant, W.S. BADCOCK, was negligent or wanton in hiring EXCEL CARRIERS.

45. Plaintiffs further aver Defendants were negligent in their training or supervision of Defendant, EXCEL CARRIERS.

46. Plaintiffs further aver Defendants negligent hiring, training and/or supervision of Defendant EXCEL CARRIERS proximately caused the death of DAISY BEASLEY.

47. Plaintiffs further aver that the conduct of W.S. BADCOCK combined and concurred with the conduct of Defendant EXCEL CARRIERS and fictitious parties defendant No. 1, 2, 3, 4, 5, 6, 7 and 8 to cause the death of DAISY BEASLEY.

WHEREFORE, plaintiffs demand judgment against Defendants jointly and severally in an amount that would be mete, just and proper under the circumstances.

### AD DAMNUM CLAUSE

48. The Plaintiffs reallege and reaver all of the pertinent allegations contained in the preceding paragraphs.

49. Plaintiffs allege that the conduct of the Defendants, RIVERSIDE TURF, RICKY LANE, EXCEL CARRIERS, W.S. BADCOCK and of the fictitious parties Defendant No. 1, 2, 3, 4, 5, 6, 7 and 8 as described in the caption of this Complaint combined and concurred to cause the death of DAISY BEASLEY. As a proximate consequence of the negligence and wantonness and other wrongful conduct of the Defendants, RIVERSIDE TURF, RICKY LANE, EXCEL CARRIERS, W.S. BADCOCK and the fictitious parties Defendant No. 1, 2, 3, 4, 5, 6, 7, and 8 as described in the caption of this Complaint, DAISY BEASLEY was caused to be killed.

WHEREFORE, Plaintiffs demand judgment against each of the named and fictitious Defendants separately and severally in an amount to be determined by the jury that is mete and proper.

Done this the 2th day of SEPTEMBER, 2004

MORRIS, HAYNES, & HORNSBY

LARRY W. MORRIS, MOR007

JEREMY KNOWLES, KNO016

Post Office Box 1660
Alexander City, Alabama 35011-1660
(205) 329-2000

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL CAUSES IN THE ABOVE COMPLAINT.

OF COUNSEL

