IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:05-CV-438-00 ) |
| MCKNIGHT AGENCY, INC., JOE MCKNIGHT; RICKY LANE; RIVERSIDE TURF FARM, et al. | ) ) ) ) ) |
| Defendants. | ) ) |
| RICKY LANE, | ) ) ) |
| Counter Claimant/Cross Claimant, | ) ) |
| RIVERSIDE TURF FARM, | ) ) |
| Counter Claimant/Cross Claimant, | ) ) ) |
| v. | ) ) |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Counterclaim Defendant and | ) ) |
| MCKNIGHT AGENCY, INC. and JOE MCKNIGHT, | ) ) ) |
| Cross-Claim Defendants. | ) |

**MCKNIGHT AGENCY'S RESPONSE TO
<u>RIVERSIDE TURF'S CROSS-CLAIM</u>**

Without waiving any substantive or procedural deficiencies regarding Riverside

Turf's Cross-Claim Complaint, Cross-Claim Defendant, the McKnight Agency submits

1

the following responses and affirmative defenses to the allegations contained in Riverside Turf's Cross-Claim Complaint and states as follows:

## FIRST DEFENSE

Riverside Turf's Cross-Claim Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Each count of Riverside Turf's Cross-Claim Complaint, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The McKnight Agency responds to the specific allegations of Riverside Turf's Cross-Claim Complaint, as follows:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1.  The McKnight Agency admits the first and second sentences of this paragraph. The McKnight Agency admits the third sentence as it relates to what McKnight knew, but he is without sufficient information or knowledge to respond to what Lane knew, and therefore, denies the same. Regarding the fourth and fifth sentences, The McKnight Agency admits he discussed with Lane the one million dollar policy limits and ultimately decided on that amount of coverage. The McKnight Agency denies the allegations of the sixth sentence in this paragraph.

2.  The McKnight Agency admits the document referenced in this paragraph was faxed to Riverside Turf and states the document speaks for itself. The remaining allegations in this paragraph are denied.

3.      Regarding the first sentence of this paragraph, the McKnight Agency admits these allegations. As to the second and third sentences of this paragraph, the McKnight Agency admits Lane also purchased property damage coverage which named Riverside Turf as a lienholder or loss payee. Regarding the fourth sentence, the McKnight Agency admits the document referenced in this sentence was sent to Riverside Turf and states the document speaks for itself. As to the fifth sentence of this paragraph, the McKnight Agency denies these allegations. As to the sixth and seventh sentences, the McKnight Agency is without sufficient information or knowledge to respond to the allegations, and therefore, denies the same.

4.      The McKnight Agency is without sufficient information or knowledge to respond to the first sentence of this paragraph, and therefore, denies the same. Regarding the allegations of the second sentence of this paragraph, the McKnight Agency admits that but for a clerical error, Progressive would have issued Lane a policy with $1 million limits.

5.      The McKnight Agency admits after the July 6, 2004 accident, Lane notified McKnight of the accident and/or civil lawsuit in Pike County, Alabama. The remaining allegations of this paragraph are denied.

6.      The McKnight Agency admits that but for a clerical error, Progressive would have issued Lane a policy with $1 million limits. The McKnight Agency also admits it believed Lane had been issued a Progressive policy with $1 million limits. The McKnight Agency also admits Joe McKnight stated during deposition that selection of $300,000.00 was a mistake and did not reflect the intent of the parties regarding limits.

7. The allegations of this paragraph do not appear to be directed towards The McKnight Agency; therefore, it is not required to respond. Further, these allegations call for a legal conclusion to which The McKnight Agency is not required to respond. To the extent The McKnight Agency is required to respond, it is without sufficient information or knowledge to respond, and therefore, denies the same.

8. Admitted.

9. Admitted.

10. The allegations of this paragraph do not appear to be directed towards The McKnight Agency; therefore, it is not required to respond. To the extent The McKnight Agency is required to respond, it is without sufficient information or knowledge to respond, and therefore, denies the same.

11. Denied.

12. The McKnight Agency admits it acted as the agent of Progressive. The McKnight Agency denies the remaining allegations of this paragraph.

13. Denied.

14. The McKnight Agency denies all allegations against it in this paragraph.

## COUNT ONE

## DECLARATORY JUDGMENT

15. The McKnight Agency adopts and incorporates by reference its responses in paragraphs 1 through 14 of this Answer.

16. The McKnight Agency is not required to respond to the allegations of this paragraph. To the extent a response is required; The McKnight Agency denies any

allegations against it in this paragraph and denies Riverside Turf is entitled to any recovery from him.

## COUNT TWO

## ANTICIPATORY BREACH OF CONTRACT

17.     The McKnight Agency adopts and incorporates by reference its responses in paragraphs 1 through 16 of this Answer.

18-20.    The allegations in these paragraphs do not appear to be directed towards The McKnight Agency, therefore, it is not required to respond.  To the extent a response is required; The McKnight Agency denies any allegations against it in these paragraphs and denies Riverside Turf is entitled to any recovery from it.

## COUNT THREE

## NEGLIGENCE

21.     The McKnight Agency adopts and incorporates by reference its responses in paragraphs 1 through 20 of this Answer.

22-25.    The allegations in these paragraphs do not appear to be directed towards The McKnight Agency, therefore, it is not required to respond.  To the extent a response is required; The McKnight Agency denies any allegations against it in these paragraphs and denies Riverside Turf is entitled to any recovery from him.

## COUNT FOUR

## NEGLIGENT SUPERVISION

26.     The McKnight Agency adopts and incorporates by reference its responses in paragraphs 1 through 25 of this Answer.

27-29. The allegations in these paragraphs do not appear to be directed towards The McKnight Agency, therefore, it is not required to respond. To the extent a response is required; The McKnight Agency denies any allegations against it in these paragraphs and denies Riverside Turf is entitled to any recovery from him.

## COUNT FIVE

## MISREPRESENTATION

30.	The McKnight Agency adopts and incorporates by reference its responses in paragraphs 1 through 29 of this Answer.

31.	This paragraph does not require a response.

32.	The McKnight Agency admits it is an agent of Progressive. The McKnight Agency denies all allegations of wrongdoing against it and denies Riverside Turf is entitled to any recovery from it or McKnight.

33.	Denied.

34.	Denied.

## COUNT SIX

## SUPRESSION

35.	The McKnight Agency adopts and incorporates by reference its responses in paragraphs 1 through 34 of this Answer.

36.	The McKnight Agency admits it is an agent of Progressive. The McKnight Agency denies all allegations of wrongdoing against it and denies Lane is entitled to any recovery from it.

37.	Denied.

## COUNT SEVEN

## NEGLIGENCE

38. The McKnight Agency adopts and incorporates by reference its responses in paragraphs 1 through 37 of this Answer.

39-41. Denied.

## REQUESTED RELIEF

1. The McKnight Agency is not required to respond to the allegations of this paragraph. To the extent a response is required; The McKnight Agency denies any and all allegations alleged against it in the Cross-Claim Complaint and denies Lane is entitled to any recovery from it.

2. The McKnight Agency denies any requests for damages, costs, or any other relief against it and demands strict proof thereof.

3. The McKnight Agency denies any requests for damages, costs, or any other relief against it and demands strict proof thereof.

4. The McKnight Agency denies any requests for damages, costs, or any other relief against it and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Riverside Turf lacks standing to bring these claims.

## SECOND AFFIRMATIVE DEFENSE

The McKnight Agency pleads the applicable statutes of limitations to the extent they may apply.

### THIRD AFFIRMATIVE DEFENSE

The McKnight Agency avers it is not guilty of the matters and things alleged in Riverside Turf's Cross-Claim Complaint and, further, Riverside Turf's claims are barred in whole or in part because The McKnight Agency never engaged in or intended to engage in any conduct to harm Riverside Turf whatsoever.

### FOURTH AFFIRMATIVE DEFENSE

The McKnight Agency pleads waiver, estoppel, release, unclean hands, res judicata, payment, and collateral estoppel to the extent they may apply.

### FIFTH AFFIRMATIVE DEFENSE

Riverside Turf has not suffered any injury or damage because of any act or omission by The McKnight Agency or by any person or entity under its control.

### SIXTH AFFIRMATIVE DEFENSE

Riverside Turf's claims are barred by the doctrines of accord and satisfaction, ratification, consent, mistake, mutual mistake, fraud, and acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

Riverside Turf's claims are barred by failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Riverside Turf's claims are barred by the defense of laches.

### NINTH AFFIRMATIVE DEFENSE

Riverside Turf's claims are barred by the defenses of contributory negligence and/or comparative negligence and by the defense of assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

Riverside Turf's claims are barred by the doctrine of *In pari delicto.*

## ELEVENTH AFFIRMATIVE DEFENSE

Riverside Turf's claims are not ripe.

## TWELFTH AFFIRMATIVE DEFENSE

The McKnight Agency denies it is guilty of any conduct entitling Riverside Turf to recover punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged damages about which Riverside Turf complains arose as a result of acts or omissions of others over whom The McKnight Agency had no control. If the McKnight Agency was negligent in the manner provided by Riverside Turf, which is denied, the acts or omissions of others were a superseding and intervening cause of any damages suffered by Riverside Turf.

## FOURTEENTH AFFIRMATIVE DEFENSE

The McKnight Agency pleads the general issue and states it is not guilty of the matters and things charged.

## FIFTEENTH AFFIRMATIVE DEFENSE

The allegations of the Cross-Claim Complaint and each count therein are untrue.

## SIXTEENTH AFFIRMATIVE DEFENSE

The subject transactions at issue in this case were arms-length transactions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The damages asserted on behalf of Riverside Turf are the result of an intervening and/or superseding cause.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Cross-Claim Complaint contains a misjoinder of parties and is due to be dismissed.

### NINETEENTH AFFIRMATIVE DEFENSE

Riverside Turf's claims may be subject to binding arbitration, and therefore, should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

The McKnight Agency denies any misrepresentation or suppression of material fact to any party.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The McKnight Agency denies any present intent to deceive at the time any allegedly incorrect statements were made or material facts were suppressed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The McKnight Agency denies any reasonable or justifiable reliance by any person and/or entity on any alleged material misrepresentations or suppressions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The McKnight Agency owed no duty to Riverside Turf.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The McKnight Agency breached no duty owed to Riverside Turf.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The policy of insurance issued to Ricky Lane in March 2003 and renewed in March 2004 should be reformed, pursuant to Ala. Code § 8-1-2 (1975), to reflect limits of $1,000,000.00, due to mutual mistake and/or clerical error.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Riverside Turf failed to mitigate its damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Riverside Turf has not suffered an injury in fact.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The McKnight Agency denies it was aware of any material facts that Riverside Turf alleges were misrepresented and/or suppressed.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The McKnight Agency reserves any additional and further defenses as may constitute an avoidance or affirmative defense as may be revealed during discovery or upon receipt of additional information.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Riverside Turf is not entitled to a declaratory judgment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

No justiciable controversy exists between Riverside Turf and the McKnight Agency.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Riverside Turf has no legally protected interest at this time.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Riverside Turf has suffered no damages and has failed to prove or even allege it is certain to suffer any damages allegedly due to the acts and omissions of the McKnight Agency.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Riverside Turf has not proven or even alleged an immediate or imminently threatening injury.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Riverside Turf has not proven or even alleged it will suffer hardship absent a ruling by the Court.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The McKnight Agency avers that the Cross-Claim Complaint fails to state a claim upon which punitive damages may be awarded to Riverside Turf.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The McKnight Agency avers that any award of punitive damages to Riverside Turf in this case will be violative of the constitutional safeguards provided to the McKnight Agency under the Constitution of the State of Alabama.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The McKnight Agency avers that any award of punitive damages to Riverside Turf in this case will be violative of the constitutional safeguards provided to the McKnight Agency under the Constitution of the United States of America.

### FORTIETH AFFIRMATIVE DEFENSE

The McKnight Agency avers that any award of punitive damages to Riverside Turf in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague;

is not based upon any objective standards; is, in fact, standardless; and is not rationally related to legitimate government interests.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The McKnight Agency avers that any award of punitive damages to Riverside Turf in this case will be violative of the constitutional safeguards provided to the McKnight Agency under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the Riverside Turf.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The McKnight Agency avers that any award of punitive damages to Riverside Turf in this case will be violative of the procedural safeguards provided to the McKnight Agency under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, the McKnight Agency is entitled to the same procedural safeguards accorded to criminal The McKnight Agency.

### FORTY-THIRD AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the McKnight Agency punitive damages, which are penal in nature, yet compel the McKnight Agency to disclose potentially incriminating documents and evidence.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

1.      Riverside Turf's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

(a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon Riverside Turf satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple the McKnight Agency for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the McKnight Agency, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportionate, or bear a reasonable relationship, to the actual harm incurred.

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2. Riverside Turf's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant based upon Riverside Turf satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

  (e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

  3. The award of punitive damages to Riverside Turf in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

  4. The award of punitive damages against defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

  The Cross-Claim Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 (1975).

## FORTY-SIXTH AFFIRMATIVE DEFENSE

  Riverside Turf's claims for punitive damages are violative of the separation of powers clause of the United States Constitution and/or the Alabama Constitution to the extent that it exceeds the legislative cap imposed by the Alabama legislature in Alabama Code § 6-11-21.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

  To the extent that Riverside Turf's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against the McKnight Agency, this award contravenes defendants' rights to due process under the

Fourteenth Amendment of the United States Constitution and the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon defendants rights against double jeopardy insured by the Fifth (5th) Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### FORTY EIGHTH AFFIRMATIVE DEFENSE

Any punitive damage award would unconstitutionally encroach upon defendants' right to open access to the courts of this State in violation of the United States Constitution and Article 1, Section 13 of the Alabama Constitution and defendants' right to due process under the Fourteenth Amendment, jointly and separately.

### FORTY-NINTH AFFIRMATIVE DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it constitutes an undue and unreasonable burden on interstate commerce. Alternatively, such an award is violative of the Commerce Clause to the extent that such an award punishes acts or omissions which have allegedly occurred solely outside of the state boundaries.

### FIFTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the McKnight Agency's rights under the Contract Clause of Article 1, Section 10 of the United States Constitution and Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

The award of punitive damages in this case would contravene the constitutional prohibition against *ex post facto* laws as found in Article 1, Section 22 of the Alabama Constitution.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

With respect to Riverside Turf's demand for punitive damages, the McKnight Agency specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision, BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996).

### FIFTY-THIRD AFFIRMATIVE DEFENSE

The McKnight Agency reserves the right to amend its answer.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Anything not specifically admitted herein and which is not otherwise clear from these responses is denied.

    *s/Mark E. Tindal*
Stephen E. Whitehead
Mark E. Tindal
Erin E. May
Attorneys for the McKnight Agency

**OF COUNSEL:**
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing has been served upon the following via electronic filing on this the 28th day of November, 2005.

Randy Haynes  
Morris, Haynes & Hornsby  
P.O. Box 1660  
Alexander City, Alabama 35011

T. Randall Lyons  
Webster, Henry & Lyons, P.C  
Post Office Box 239  
Montgomery, Alabama 36101

Christina D. Crow  
Lynn W. Jinks, III  
Nathan A. Dickson, II  
Jinks, Daniel & Crow  
P.O. Box 350  
Union Springs, Alabama 36089

Larry Bradford  
Bradford Law Firm, P.C.  
2020 Canyon Road, Suite 100  
Birmingham, Alabama 35216

**Courtesy Copy sent to the following:**

G. Thomas Yearout  
Yearout, Spina & Lavelle, P.C.  
1500 Urban Center Drive, Suite 450  
Birmingham, Alabama 35242

Jay Tuley  
Alex Holtsford  
Nix, Holtsford, Gilliland, Higgins & Higgins, P.C.  
P.O. box 4128  
Montgomery, Alabama 36103-4128

Jeffery W. Smith  
Slaten & O'Connor  
P.O. Box 1110  
Montgomery, Alabama 36101

                                       *s/Mark E. Tindal*  
                                       OF COUNSEL