IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:05-CV-438-00 ) |
| THE MCKNIGHT AGENCY, INC., et al. | ) ) |
| Defendants. | ) ) |

_____

| | |
|---|---|
| RICKY LANE, | ) ) |
| Counter Claimant/Cross Claimant, | ) ) |
| RIVERSIDE TURF FARM, | ) ) |
| Counter Claimant/Cross Claimant, | ) ) |
| v. | ) ) |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Counterclaim Defendant and | ) ) |
| THE MCKNIGHT AGENCY, INC. and JOE MCKNIGHT, | ) ) ) |
| Cross-Claim Defendants. | ) |

**OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

McKnight Agency, Inc. and Joe McKnight ("McKnight") respectfully request this Court enter an Order denying Progressive's Motion for Leave to Amend Complaint for several reasons including, *inter alia*, (1) Progressive waited until after the deadline to amend the pleadings as set forth in this Court's scheduling Order without justification, (2) Progressive's proposed

1

amendment fails to state a claim upon which relief may be granted against McKnight, (3) the claim Progressive intends to assert against McKnight are subject to a binding arbitration agreement and (4) in the event the Court allows Progressive to assert a claim against McKnight for indemnity, McKnight should be allowed to assert a claim for indemnity against Progressive. In support thereof, McKnight would show unto the Court the following:

### Relevant Procedural and Factual History

1. Progressive Specialty Insurance Company ("Progressive") filed its Original Complaint on May 10, 2005. This matter is currently set for trial on February 24, 2006. All parties have a December 3, 2005 discovery cut-off.

2. The Court's scheduling order in this case required any amendments to pleadings be filed no later than November 10, 2005.

3. Progressive filed a Motion for Leave to Amend Complaint on November 22, 2005, twelve days after the Court's deadline to amend the pleadings, two days before the dispositive motion deadline and two weeks before the discovery cut-off.

### Progressive's Motion Is Untimely

4. In its motion, Progressive states it was not until Riverside Turf Farm and Ricky Lane filed their counterclaims that Progressive determined it needed to amend its complaint to allege a claim for indemnity against McKnight. This is contradicted by testimony from Progressive's own claims attorney who stated in deposition it was Progressive's original intent to file this declaratory judgment action for purposes of having the Court determine whether McKnight was obligated to indemnify Progressive. (Exhibit A, Depo. of Larry Lackey at p. 13, lines 15-23) ("Yes, and that's the main reason why we filed this declaratory judgment action, is to determine whether or not Progressive owes a million or if Progressive owes $300,000; and

whether or not if Progressive does owe a million dollars in coverage, if we are due to be indemnified by the agent for the additional 700,000.")

5. In its motion and its proposed amendment to the Complaint, Progressive asserts its indemnity claim against McKnight is based on a Producer Agreement between them. (Exhibit B). Progressive claims this agreement requires McKnight to defend and indemnify Progressive as a result of **any** errors or omission by the agent. Progressive has had knowledge of and possessed this agreement since the date it was signed, February 5, 1998. Progressive has not offered a satisfactory explanation why it waited until the Eleventh Hour to assert this claim, especially in light of the testimony from its own claims attorney that Progressive's original intent was to seek indemnification from McKnight.

### Progressive's Proposed Additional Count Fails to State a Claim

6. Even if the Court excuses Progressive for waiting until after the deadline to amend passed, it should not grant Progressive leave to amend since the proposed additional count against McKnight fails to state a claim upon which relief can be granted.

7. As demonstrated in McKnight's previously filed Brief in Support of Summary Judgment, an insurance company is not entitled to indemnity from its own agent when (1) an insurance policy is due to be reformed based upon a clerical error or mutual mistake to reflect the true intention of the insured and the insurance agent, (2) the insurance company admits it would have issued the insurance policy to the insured as requested but for the clerical error or mutual mistake and (3) the insurance agent had the authority to bind the insurance company for the type and amount of insurance requested by the insured. *Southeastern Ins. Agency,Inc. v. Lumbermens Mut. Ins.*, 650 N.E.2d 1285 (Mass. App. 1995) *rev'd on other grounds*, 668 N.E.2d 347 (Mass. Aug 06, 1996); *Southeastern Ins. Agency,Inc. v. Lumbermens Mut. Ins.*, 650 N.E.2d 1285 (Mass.

App. 1995) *rev'd on other grounds*, 668 N.E.2d 347 (Mass. Aug 06, 1996); *Equity Gen. Agents, Inc. v. O'Neal*, 692 S.W.2d 789 (Ark. App. 1985).

  8. In addition to the authority previously cited, McKnight respectfully directs the Court's attention to another opinion with nearly identical facts which supports McKnight's position. *Granite State Ins. Co. v. E.H. Bacon,* 586 S.W.2d 254 (Ark. Ct. App. 1979). In that case, the insurance agent intended to procure a fire insurance policy for a building with limits of $55,000. When the agent was completing the application, he incorrectly typed in the amount of limits as $5,500 rather than the $55,000 limits intended by the agent and the insured. The court determined that the policy was due to be reformed and the insurer then sought indemnity from the agent for the additional amount owed under the policy. *Granite,* 586 S.W.2d at 254-55. The court determined the insurer was not entitled to indemnification from the insurance agent because (1) the insurance agent had authority to bind the insurance company for insurance as requested by the insured, (2) the insurance company admitted it would have issued the policy as intended but for the clerical error in the application, (3) there was no evidence of collusion or bad faith between the insured and the agent (as evidenced by the agent's admission that it was a mistake on his part in completing the application), and (4) the type of risk (i.e., fire insurance) was one the insurance company was accustomed to writing and actively solicited. *Id.* at 255-56.

  9. The facts of *Granite* are almost identical to those in this lawsuit. In *Granite*, the agent, with binding authority from the insurer, made a clerical error on the application, requesting $5,500.00 in fire insurance, rather than the intended $55,000.00. *Id.* at 254-55. The mistake was not discovered until after the insured had suffered a loss and filed a claim. *Id.* The court found there was no question both the insured and the agent intended to request $55,000.00 and ordered the policy be reformed to increase the coverage. *Id.* at 255. The agent previously

had sold fire insurance to the insured in the amount of $55,000.00. *Id.* at 254-55. A representative of the insurer confirmed the company would have issued $55,000.00 in coverage, but for the agent's mistake. *Id.* at 255. The court stated the issue of the agent's negligence was of no concern to whether the insurer was due indemnity from the agent and only awarded the insurer $540.00 for the additional premiums due on the increased amount of coverage. *Id.* at 254-55.

10. Progressive should not be allowed to assert its indemnity claim against McKnight as it would be due to be dismissed for failure to state a claim upon which relief can be granted. *Southeastern Ins. Agency,Inc. v. Lumbermens Mut. Ins.*, 650 N.E.2d 1285 (Mass. App. 1995) *rev'd on other grounds*, 668 N.E.2d 347 (Mass. Aug 06, 1996); *Equity Gen. Agents, Inc. v. O'Neal*, 692 S.W.2d 789 (Ark. App. 1985); *Granite State Ins. Co. v. E.H. Bacon,* 586 S.W.2d 254 (Ark. Ct. App. 1979).

**Progressive's Indemnity Claim is Subject to a Binding Arbitration Agreement**

11. As demonstrated above, Progressive asserts it indemnity claim against McKnight is based on the Producer Agreement between the parties. (Exh. B). The Producer Agreement contains a binding arbitration agreement. Therefore, Progressive should not be allowed leave to amend its complaint to assert this claim. Rather, it should be required to assert its claim for indemnity to the American Arbitration Association as required by Progressive's own Producer Agreement.[1]

---

[1] In the event Progressive is granted leave to file its amended complaint, McKnight does not waive any of its rights to compel Progressive's claims to arbitration. Rather, McKnight specifically reserves its right to move to compel the indemnity claim to arbitration.

**Conclusion**

12.     Granting Progressive's motion for leave to amend its complaint to add a new count to the complaint will prejudice some or all of the parties as all discovery has been completed, including the deposition of the corporate representative of Progressive, and dispositive motions have been filed. This Court's scheduling orders require the parties to submit any briefs in opposition to the various dispositive motions by December 16, 2005. The interests of justice will best be served by this Court's denial of Progressive's motion for leave to amend in light of the circumstances as set forth above.

Therefore, McKnight respectfully requests this Court deny Progressive's Motion for Leave to Amend Complaint.

  *s/Mark E. Tindal*
Stephen E. Whitehead
Mark E. Tindal
Erin E. May
Attorneys for Defendants Joe McKnight and
The McKnight Agency

*OF COUNSEL*:
LLOYD, GRAY, & WHITEHEAD, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing has been served upon the following by placing a copy of same in the United States Mail, postage prepaid, on this the  5th  day of December, 2005.

Randy Haynes
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011

T. Randall Lyons
Webster, Henry & Lyons, P.C
Post Office Box 239
Montgomery, Alabama 36101

Christina D. Crow
Lynn W. Jinks, III
Nathan A. Dickson, II
Jinks, Daniel & Crow
P.O. Box 350
Union Springs, Alabama 36089

Larry Bradford
Bradford Law Firm, P.C.
2020 Canyon Road, Suite 100
Birmingham, Alabama 35216

**Courtesy Copy sent to the following:**
G. Thomas Yearout
Yearout, Spina & Lavelle, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242

Jay Tuley
Alex Holtsford
Nix, Holtsford, Gilliland, Higgins & Higgins, P.C.
P.O. box 4128
Montgomery, Alabama 36103-4128

Jeffery W. Smith
Slaten & O'Connor
P.O. Box 1110
Montgomery, Alabama 36101

                                       *Mark E. Tindal*
                                       OF COUNSEL