IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 2:05-CV-438-00<br>) |
| THE MCKNIGHT AGENCY, INC., JOE MCKNIGHT; RICKY LANE; RIVERSIDE TURF FARM, et al. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| RICKY LANE, | )<br>)<br>) |
| Counter Claimant/Cross Claimant, | )<br>) |
| RIVERSIDE TURF FARM, | )<br>) |
| Counter Claimant/Cross Claimant, | )<br>) |
| v. | )<br>) |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Counterclaim Defendant and | )<br>) |
| THE MCKNIGHT AGENCY, INC. and JOE MCKNIGHT, | )<br>)<br>) |
| Cross-Claim Defendants. | ) |

**MOTION FOR LEAVE TO AMEND ANSWER**

Defendants McKnight Agency, Inc. and Joe McKnight (collectively referred to as "McKnight") respectfully request this Court enter to an Order granting their motion for leave to

1

amend their Answer to assert their Counterclaim Complaint against Progressive Specialty Indemnity Company ("Progressive"). In support of their motion, McKnight offers the following:

1. The Court's scheduling order in this case required that any amendments to pleadings be filed no later than November 10, 2005.

2. On November 21, 2005, one of Progressive's claims attorneys testified that Progressive's factual investigation into Ricky Lane's claim for benefits consisted of one telephone conversation with Joe McKnight, the review of the application and a certificate of liability Progressive received from counsel for Jane Holmes. After reviewing this scant information, Progressive retained counsel and filed suit against McKnight and others. (Exhibit B, Deposition of Larry Lackey, p. 21). It was not until November 21, 2005 that McKnight learned of Progressive's improper claims handling. As set forth more fully in McKnight's Brief in Support of Motion for Summary Judgment, had Progressive more fully investigated the facts surrounding the application in March 2003, its counsel would have (or should have) determined the policy is due to be reformed to reflect the intent of the parties to obtain a Progressive auto liability policy with $1 million limits.

3. Progressive filed a Motion for Leave to Amend Complaint on November 22, 2005 to assert an additional claim against McKnight for indemnity.

4. McKnight recognizes the deadline to amend the pleadings has passed. However, in the event this Court grants Progressive's Motion for Leave to Amend Complaint, McKnight requests this Court also grant this Motion for Leave to Amend their Answer to assert Counterclaims for indemnity, breach of contract, and negligence based upon the Producer Agreement (attached as Exhibit A) between McKnight and Progressive.

5.   The Producer Agreement between Progressive and McKnight requires Progressive to defend and indemnify McKnight as a result of any liability, loss, judgment, action, or expense sustained by McKnight due to Progressive's negligence, any acts, errors or omissions of Progressive, or Progressive's failure to comply with its duties as set forth in the Producer Agreement,[1] including Article III (B)(2), which requires Progressive to properly handle claims.

6.   In the event this Court grants Progressive's motion, the Court should also grant McKnight's motion in the interests of equity and justice.

7.   No party will be prejudiced by the Court's grant of leave for McKnight to amend their Answer and assert their Counterclaims in the event the Court grants Progressive's "Motion for Leave to Amend Complaint."

Therefore, Defendants respectfully request this Court grant McKnight leave to file their Amended Answer and Counterclaim.

 

s/Mark E. Tindal
Stephen E. Whitehead
Mark E. Tindal
Erin E. May
Attorneys for Defendants

*OF COUNSEL*:
LLOYD, GRAY, & WHITEHEAD, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380

---

[1] Joe McKnight does not have a copy of the Producer Agreement in his possession. Counsel for McKnight did not have the opportunity to review the terms of this agreement until it was produced by Progressive's corporate representative during deposition on November 21, 2005.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the following via electronic filing on this the 5th day of December, 2005.

Randy Haynes
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011

T. Randall Lyons
Webster, Henry & Lyons, P.C
Post Office Box 239
Montgomery, Alabama 36101

Christina D. Crow
Lynn W. Jinks, III
Nathan A. Dickson, II
Jinks, Daniel & Crow
P.O. Box 350
Union Springs, Alabama 36089

Larry Bradford
Bradford Law Firm, P.C.
2020 Canyon Road, Suite 100
Birmingham, Alabama 35216

**Courtesy Copy sent to the following:**

G. Thomas Yearout
Yearout, Spina & Lavelle, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242

Jay Tuley
Alex Holtsford
Nix, Holtsford, Gilliland, Higgins & Higgins, P.C.
P.O. box 4128
Montgomery, Alabama 36103-4128

Jeffery W. Smith
Slaten & O'Connor
P.O. Box 1110
Montgomery, Alabama 36101

                                                  s/Mark E. Tindal
                                                  OF COUNSEL