# EXHIBIT D
## MARY ALICE FITZGERALD DEPOSITION

**FREEDOM COURT REPORTING**

Page 1

```
 1      IN THE UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF ALABAMA
 2               NORTHERN DIVISION
 3   PROGRESSIVE SPECIALTY INSURANCE COMPANY,
 4        Plaintiff,
 5                    CIVIL ACTION NUMBER
     VS.
 6                    2:05-CV-438-W
 7   McKNIGHT AGENCY, INC.; JOE McKNIGHT; RICKY
     LANE; RIVERSIDE TURF FARM; et al.,
 8
          Defendants.                    COPY
 9
10      DEPOSITION OF MARY ALICE FITZGERALD
11
              S T I P U L A T I O N S
12
13           IT IS STIPULATED AND AGREED,
14   by and between the parties through their
15   respective counsel, that the deposition
16   of:
17        MARY ALICE FITZGERALD,
18   may be taken before Carol J. Reyer,
19   Commissioner, at The Courtyard Marriott,
20   4277 W. 150th Street, Cleveland, Ohio, on
21   the 21st day of November, 2005, commencing
22   at approximately 9:15 a.m.
23
```

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 17

| | | |
|---|---|---|
| 09:25:05 | 1 | do that. |
| 09:25:06 | 2 | Q. (By Mr. Tindal) All right. |
| 09:25:06 | 3 | Do you agree with what your lawyer just |
| 09:25:08 | 4 | said, ma'am? |
| 09:25:09 | 5 | A. Yes. |
| 09:25:12 | 6 | Q. Okay. Do you have any |
| 09:25:13 | 7 | understanding how long Joe McKnight has |
| 09:25:15 | 8 | been an agent for Progressive? |
| 09:25:18 | 9 | A. I can look at the contract and |
| 09:25:20 | 10 | see when it was signed. |
| 09:25:21 | 11 | Q. Please do. All right. |
| 09:25:36 | 12 | A. February 5th of 1998. |
| 09:25:41 | 13 | Q. Do you think he has sold |
| 09:25:46 | 14 | insurance -- |
| | 15 | MR. BRADFORD: They must be |
| | 16 | joining us. |
| 09:25:46 | 17 | MR. TINDAL: Do we have |
| 09:25:47 | 18 | someone joining us? |
| 09:25:49 | 19 | MR. DICKSON: Yeah, this is |
| 09:25:51 | 20 | Nathan Dickson in Union Springs. Sorry. |
| 09:25:54 | 21 | MR. TINDAL: All right, no |
| | 22 | problem. |
| 09:25:54 | 23 | Q. (By Mr. Tindal) Okay. Do you |

367 VALLEY AVENUE
(877) 373-3660    BIRMINGHAM, ALABAMA    (205) 397-2397

```
09:46:05   1        Q.   Would those be sent at the
09:46:06   2   same time?
09:46:07   3        A.   For the new business, correct.
09:46:08   4        Q.   All right.  So, let's say in
09:46:10   5   March of 2003 when Ricky Lane got the
09:46:16   6   policy from the application that he
09:46:18   7   submitted at Joe McKnight's office, all
09:46:20   8   right, that's what I'm talking about right
09:46:22   9   now, okay?
09:46:23  10        A.   Okay.
09:46:23  11        Q.   After that was submitted and
09:46:25  12   approved, a policy and a declarations page
09:46:28  13   would have been sent; is that right?
09:46:29  14        A.   Correct.
09:46:29  15        Q.   And it would have gone to
09:46:31  16   Ricky Lane, correct?
09:46:32  17        A.   Correct.
09:46:32  18        Q.   And it would have also gone to
09:46:34  19   Joe McKnight, correct?
09:46:35  20        A.   Joe McKnight would receive the
09:46:37  21   dec pages, but not the policy jacket.
09:46:39  22        Q.   Okay.  Does Progressive use
09:46:42  23   its own address as the return address on
```

| | |
|---|---|
| | 1    (Defendant's Exhibit No. 6 |
| | 2    marked for identification.) |
| 09:48:50 | 3    MR. TINDAL: Here's No. 6, and |
| 09:48:52 | 4  we can mark it however you want to do it. |
| 09:48:53 | 5  Do you want to put all of them as one? |
| 09:48:55 | 6    MR. BRADFORD: Well, that may |
| 09:48:56 | 7  be just as easy. Everything's certified. |
| 09:49:00 | 8  I'm going to just put her whole file as |
| 09:49:04 | 9  Exhibit 6. |
| | 10    MR. TINDAL: That's great. |
| 09:49:04 | 11    MR. BRADFORD: And that way |
| 09:49:05 | 12  you've got a certified app, a certified |
| 09:49:08 | 13  dec page and a copy of the policy jacket. |
| 09:49:11 | 14  Is that fair? |
| 09:49:13 | 15    MR. TINDAL: All right. We're |
| 09:49:15 | 16  going to put it in a -- keep it in this |
| 09:49:17 | 17  folder? |
| 09:49:20 | 18    MR. BRADFORD: That's fine |
| 09:49:20 | 19  with me. |
| 09:49:36 | 20    Q.  (By Mr. Tindal) All right. |
| 09:49:36 | 21  Looking in your documents here, we've got |
| 09:49:38 | 22  a declarations page that's dated August 6 |
| 09:49:42 | 23  of 2003; is that correct? |

FREEDOM COURT REPORTING

Page 40

```
09:49:50   1          A.    Yes.
09:49:50   2          Q.    All right.  Is it your
09:49:51   3   understanding that the declarations page
09:49:55   4   was sent due to a change in the insured
09:49:59   5   vehicle?
09:50:07   6          A.    If this was the one that came
09:50:09   7   after this, yes.
09:50:10   8                MR. BRADFORD:  Mark, do you
09:50:11   9   care if I say one thing just to clear it
09:50:14  10   up?
09:50:14  11                MR. TINDAL:  Go right ahead.
09:50:15  12                MR. BRADFORD:  I think there's
09:50:16  13   three of them dated --
09:50:18  14                MR. TINDAL:  I'm aware of
09:50:19  15   that, yes.
          16                MR. BRADFORD:  Okay.
09:50:20  17          Q.    (By Mr. Tindal)  Then looking
09:50:21  18   on the second page, it has nothing listed
09:50:23  19   as the lienholder, correct?
09:50:25  20          A.    Correct.
09:50:25  21          Q.    It does have a premium finance
09:50:27  22   company listed, correct?
09:50:28  23          A.    Correct.
```

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 41

```
09:50:30  1       Q.    And then we have another one
09:50:32  2   that's also dated August 6 of 2003,
09:50:35  3   correct?
09:50:35  4       A.    Correct.
09:50:36  5       Q.    And are the front two pages
09:50:39  6   the same -- I mean, are the first pages of
09:50:41  7   each of these documents identical?
09:50:44  8       A.    No, not identical.
09:50:45  9       Q.    What's different?
09:50:47 10       A.    Where it's telling you the
09:50:48 11   reason for the insurance endorsement.
09:50:51 12       Q.    Which is -- how is the second
09:50:53 13   one different?
09:50:54 14       A.    It tells you loss payee 01
09:50:57 15   added.
09:50:58 16       Q.    All right.  So, we flip to the
09:51:00 17   second page of that document, and it has
09:51:04 18   -- what is different on the second page?
09:51:06 19       A.    A loss payee, or on here it
09:51:08 20   reads lienholder, vehicle one added.
09:51:10 21       Q.    And I'm sorry, could you read
09:51:12 22   the -- I know the document says what it
09:51:14 23   says, but could you read it?
```

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 42

| | | |
|---|---|---|
| 09:51:16 | 1 | A. Riverside Turf, 11969 State |
| 09:51:20 | 2 | Highway 10 E., Shorterville, Alabama |
| 09:51:26 | 3 | 36373. |
| 09:51:28 | 4 | Q. All right. So, would the |
| 09:51:31 | 5 | lienholder, as of August 6, 2003, receive |
| 09:51:40 | 6 | any documents from Progressive? |
| 09:51:53 | 7 | A. Yes. |
| 09:51:53 | 8 | Q. What would they receive, say, |
| 09:51:56 | 9 | first of all in August of 2003? |
| 09:52:03 | 10 | A. They'll receive a dec page. |
| 09:52:04 | 11 | Q. And it would be sent to that |
| 09:52:06 | 12 | address that you just read to us? |
| 09:52:08 | 13 | A. Yes. |
| 09:52:08 | 14 | Q. And would the dec page be |
| 09:52:10 | 15 | identical to the first page of the |
| 09:52:11 | 16 | document you're looking at? |
| 09:52:13 | 17 | A. I believe so. |
| 09:52:17 | 18 | Q. Thank you. I'll put these |
| 09:52:18 | 19 | back. |
| 09:52:29 | 20 | MR. BRADFORD: Did you notice |
| 09:52:30 | 21 | those are really different dates, even |
| 09:52:32 | 22 | though they're all effective August 6? |
| 09:52:36 | 23 | MR. TINDAL: How can you tell? |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 44

| | |
|---|---|
| 09:53:11 | 1 |
| 09:53:12 | 2 |
| 09:53:15 | 3 |
| | 4 |
| 09:53:17 | 5 |
| 09:53:17 | 6 |
| 09:53:18 | 7 |
| 09:53:23 | 8 |
| 09:53:25 | 9 |
| 09:53:26 | 10 |
| 09:53:28 | 11 |
| 09:53:38 | 12 |
| 09:53:44 | 13 |
| 09:53:52 | 14 |
| 09:53:54 | 15 |
| 09:53:58 | 16 |
| 09:54:07 | 17 |
| 09:54:08 | 18 |
| 09:54:10 | 19 |
| 09:54:12 | 20 |
| 09:54:14 | 21 |
| 09:54:15 | 22 |
| 09:54:17 | 23 |

      MR. TINDAL: The first two digits are the year, the last three digits are the day of the year?
      MR. BRADFORD: Right.
      THE WITNESS: Correct.
   Q.   (By Mr. Tindal) And tell me what the third August 2003 declarations page is about.
   A.   They changed the address of the premium finance company.
   Q.   All right. Do they go in this order?
   A.   Yes.
   Q.   All right. The next document we have is a March 2004 declarations page; is that correct?
   A.   This is the renewal policy.
   Q.   Okay. So, that would have been done sometime around March 10 of 2004, correct?
   A.   Correct.
   Q.   Who all would have received this declarations page?

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

FREEDOM COURT REPORTING

Page 45

```
09:54:22   1        A.      The insured, being Ricky Lane;
09:54:25   2   the agent, McKnight Agency; the
09:54:29   3   lienholder, Riverside Turf; and the
09:54:35   4   outside premium finance company also
09:54:37   5   receives notification.
09:54:47   6        Q.      I show you the next one, and
09:54:49   7   tell me what this is that's in your file.
09:54:57   8        A.      This is an endorsement.
09:55:00   9        Q.      For what policy year?
09:55:02  10        A.      For Ricky Lane for March 10,
09:55:07  11   2004, to March 10th, 2005.
09:55:13  12        Q.      And that would have been sent
09:55:15  13   along with -- or when would that have been
09:55:18  14   sent?
09:55:24  15        A.      October -- it's printed on
09:55:26  16   October 16th, so it's sent on October
09:55:28  17   17th.
09:55:30  18        Q.      Why was that document sent, to
09:55:32  19   your knowledge?
09:55:36  20        A.      It says that the coverage has
09:55:38  21   changed.
09:55:38  22        Q.      All right.  How would it have
09:55:39  23   changed?  Is this when it was increased to
```

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

```
10:08:19   1   information was selected from a drop down
10:08:21   2   menu?
10:08:24   3         A.   Not to my knowledge.
10:08:25   4         Q.   Have you ever heard of it
10:08:26   5   happening anywhere in Progressive with one
10:08:29   6   of its agents?
10:08:33   7         A.   Not to my knowledge, no.
10:08:39   8              MR. TINDAL:  I believe that's
10:08:40   9   all I have.
           10   EXAMINATION BY MR. HAYNES:
10:08:42  11         Q.   Ms. Fitzgerald, my name is
10:08:43  12   Randy Haynes, and I represent the family
10:08:45  13   of the lady that was killed in the
10:08:46  14   accident, Jane Holmes, whose mother was
10:08:49  15   killed, and I have a few questions also
10:08:52  16   for you.
10:08:54  17              What is your title with
10:08:55  18   Progressive Specialty?
10:08:57  19         A.   Customer service manager.
10:08:58  20         Q.   And tell me what your areas of
10:09:01  21   responsibility are as a customer service
10:09:04  22   manager.
10:09:04  23         A.   Right now, I manage a dispatch
```

| | | |
|---|---|---|
| 10:17:30 | 1 | of '98. Do you see that? |
| 10:17:31 | 2 | A. Yes. |
| 10:17:32 | 3 | Q. And the designated producer is |
| 10:17:33 | 4 | the McKnight Agency from Abbeville |
| 10:17:37 | 5 | Alabama; is that right? |
| 10:17:38 | 6 | A. Correct. |
| 10:17:38 | 7 | Q. Under Article II, the heading |
| 10:17:40 | 8 | is authority. Do you see that? |
| 10:17:42 | 9 | A. Yes. |
| 10:17:42 | 10 | Q. It states there that you have |
| 10:17:44 | 11 | the authority to solicit, provide quotes, |
| 10:17:48 | 12 | receive applications, bind coverage in |
| 10:17:52 | 13 | Alabama; is that right? |
| 10:17:55 | 14 | A. It does read that. |
| 10:17:56 | 15 | Q. Okay. And I left out some |
| 10:17:58 | 16 | other things about collect premiums, but |
| 10:18:00 | 17 | it states that the McKnight Agency has the |
| 10:18:03 | 18 | authority to bind coverage in the State of |
| 10:18:06 | 19 | Alabama; is that right? |
| 10:18:08 | 20 | A. Right. |
| 10:18:09 | 21 | Q. Okay. So, we can agree that |
| 10:18:12 | 22 | Mr. McKnight did have the authority |
| 10:18:13 | 23 | pursuant to the producers agreement, |

FREEDOM COURT REPORTING

Page 65

| | | |
|---|---|---|
| 10:18:16 | 1 | Exhibit 3, to bind coverage, true? |
| 10:18:19 | 2 | A. Correct. |
| 10:18:23 | 3 | Q. Let's flip over to -- no, not |
| 10:18:32 | 4 | flip over. Let's go down to Paragraph B |
| 10:18:34 | 5 | where it says you have no authority to and |
| 10:18:37 | 6 | you will not bind us on insurance |
| 10:18:41 | 7 | coverage, oh, based on information you |
| 10:18:56 | 8 | knew or had reason to know is false or -- |
| 10:19:01 | 9 | MR. BRADFORD: Inaccurate. |
| 10:19:02 | 10 | Q. -- inaccurate? |
| 10:19:03 | 11 | A. Correct. |
| 10:19:04 | 12 | Q. Okay. There is no issue here, |
| 10:19:07 | 13 | is there, Ms. Fitzgerald, that Ricky |
| 10:19:12 | 14 | Lane's coverage was based on faulty or |
| 10:19:18 | 15 | false or inaccurate information, is there? |
| 10:19:24 | 16 | A. I believe they gave us -- we |
| 10:19:27 | 17 | rated it on the information that they gave |
| 10:19:29 | 18 | us. |
| 10:19:29 | 19 | Q. Okay. And that information |
| 10:19:31 | 20 | given you, Progressive is not questioning |
| 10:19:33 | 21 | that information, is it? |
| 10:19:35 | 22 | A. I don't believe so. |
| 10:19:36 | 23 | Q. Okay. And the reason I ask |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

**FREEDOM COURT REPORTING**

Page 71

| | | |
|---|---|---|
| 10:24:39 | 1 | Q. Was it in your department? |
| 10:24:41 | 2 | A. No. |
| 10:24:41 | 3 | Q. What department was that in? |
| 10:24:44 | 4 | A. I believe it's in Larry's |
| 10:24:46 | 5 | department. |
| 10:24:46 | 6 | Q. Larry Lackey? |
| 10:24:48 | 7 | A. Yes. Sorry. |
| 10:25:00 | 8 | Q. Stacy Swansinger, compliance |
| 10:25:03 | 9 | specialist, who is that? |
| 10:25:07 | 10 | A. It's probably the person who |
| 10:25:08 | 11 | works over in our agent licensing |
| 10:25:11 | 12 | department. |
| 10:25:11 | 13 | Q. Okay. Would he or she have |
| 10:25:13 | 14 | any responsibility for determining what |
| 10:25:16 | 15 | level of limits would be applicable? |
| 10:25:20 | 16 | A. No. |
| 10:25:20 | 17 | Q. Okay. That's more agent |
| 10:25:22 | 18 | licensing? |
| 10:25:22 | 19 | A. Yes. |
| 10:25:37 | 20 | Q. Also in the producers |
| 10:25:40 | 21 | agreement, Article VIII, which is on Page |
| 10:25:42 | 22 | 16, and I'll just let you look at that, |
| 10:25:45 | 23 | this appears to me to be an |

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397

```
10:25:48   1    indemnification, indemnification provision
10:25:59   2    whereby the agent has agreed to hold
10:26:06   3    Progressive harmless for any and all
10:26:09   4    liabilities or losses due to any acts,
10:26:12   5    errors or omissions on their part; is that
10:26:15   6    right?
10:26:15   7           A.    That's correct.
10:26:16   8           Q.    Okay.  Is that a standard
10:26:19   9    provision in your producer agreements
10:26:21   10   today?
10:26:24   11          A.    Yes.
10:26:24   12          Q.    And was that standard in 1998
10:26:27   13   when Exhibit 3 was executed between the
10:26:30   14   McKnight Agency and Progressive?
10:26:33   15          A.    Yes.
10:26:35   16          Q.    And is your understanding of
10:26:38   17   that that Mr. McKnight ultimately has
10:26:41   18   agreed to indemnify Progressive if he;
10:26:45   19   that is, Mr. McKnight, made an error?
10:26:48   20                MR. TINDAL:  Object to the
10:26:49   21   form.
10:26:49   22                MR. BRADFORD:  Overruled.
10:26:50   23          Q.    (By Mr. Haynes)  You may
```

367 VALLEY AVENUE
(877) 373-3660   BIRMINGHAM, ALABAMA   (205) 397-2397