RECEIVED
2005 DEC 16 A 9:28
DEBRA P. HACKETT CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CASE NO.: 2:05-CV-438-T |
| McKNIGHT AGENCY, INC.; JOE McKNIGHT; RICKY LANE; RIVERSIDE TURF FARM; JANE HOLMES, individually and as the personal representative of the Estate of DAISY BEASLEY, deceased, | * * * * * * * * | |
| Defendants. | * | |

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT BY PROGRESSIVE

COMES NOW the defendant, JANE HOLMES, individually and as the personal representative of the Estate of DAISY BEASLEY, deceased, and responds to the motion for summary judgment as follows. To the extent that Progressive's motion implies that Mr. McKnight did not have the authority to bind it to one million dollars liability coverage for Ricky Lane and Riverside Turf, the motion is due to be denied.[1]

Progressive's brief argues that when Mr. McKnight mistakenly selected the wrong liability limits of $300,000 from Progressive's drop-down computer menu, Mr. McKnight invalidated his authority to bind Progressive to a higher insurance limit of one million

---

[1] The defendant, Jane Holmes, takes no position with respect to the other issues raised in Progressive's brief with respect to indemnity.

1

dollars because he gave Progressive inaccurate information. This argument fails.

There is no dispute between the parties that Mr. McKnight was a binding, or general, agent for Progressive. (Progressive Brief, p. 9 of 11). Under Alabama law:

> A 'general agent' is one who has authority to transact all of the business of the principal, of a particular kind, or in a particular case...The powers of such an agent are coextensive with the business entrusted to his care, authorizing him to act for the principal in all matters coming within the usual and ordinary scope and character of such business... A general agent has full power to bind the insurer to the agent's contract of insurance or to issue policies or to accept risks...In fact, a general agent 'stands in the shoes' of the principal for the purpose of transacting business entrusted to him.

*Washington Nat'l Ins. Co. v. Strickland*, 491 So. 2d 872, 874 (Ala. 1985). (Citations omitted.)

As explained in detail in Mrs. Holmes motion for summary judgment and the evidentiary submissions supplied therewith, both of which are adopted herein in their entirety by reference, in the instant case, it is undisputed that under Progressive's own underwriting guidelines, Mr. Lane qualified for one million dollars in liability coverage. (Dep. McKnight, p. 35, Line 18 - p. 36, Line 5; p. 61, Lines 9-17[2]). It is also undisputed that Mr. Lane asked Mr. McKnight for one million dollars in liability coverage from Progressive, and that Mr. McKnight agreed to provide him with that amount of coverage. (Dep. Lane, p. 30, Line 13 - p. 31, Line 18, p. 71, Line 5 - p. 72, Line 16[3]; Dep. McKnight, p. 28, Line 1 - p. 30, Line 16, p. 31, Line 4 - p. 32, Line 12, p. 45, Line 21 - p. 46, Line 2, p.

---

[2] Excerpts from Mr. McKnight's deposition have previously been submitted to this Court as Exhibit A of Ms. Holmes' Summary Judgment Motion.

[3] Excerpts from Mr. Lane's deposition were previously submitted to the Court as Exhibit B to Ms. Holmes' Summary Judgment Motion.

2

62, Line 17 - p. 63, Line 16). It is also undisputed that Mr. McKnight accepted a down payment on the premiums for one million dollars in liability coverage, and issued a receipt to Mr. Lane indicating that Mr. Lane was purchasing one million dollars in liability coverage. (Premium Receipt, Exh. D to Holmes Motion for Summary Judgment; Dep. McKnight, p. 28, Lines 1 - 15, p. 25, Line 21 - p. 26, Line 3). In addition, there is not dispute that Mr. McKnight sent Riverside Turf Acord certificates of liability insurance in 2003 and 2004 showing liability limits of $1,000,000. (Exh. E & H to Holmes SJ Motion). Although Progressive claims in its summary judgment motion that it mailed the policy and subsequent declaration pages to Ricky Lane, Mr. Lane never received his policy from Progressive. (Dep. Lane, p. 65, Lines 9 - 22).

In the face of this overwhelming evidence, Progressive attempts to claim that Mr. McKnight did not have the authority to bind it if the information Mr. McKnight provided to Progressive was inaccurate. However, both the testimony of Progressive's corporate representative, and Alabama case law, show why that claim fails.

Under Alabama law, as a general agent, any knowledge possessed by Mr. McKnight with respect to the execution of his authority with Progressive is imputed to Progressive.

> The general rule is that '[a]n insurance company is bound by knowledge of, or notice to, its agent within the general scope of his authority.' 44 C.J.S. Insurance § 154 at 827 (1945).

*American States Ins. Co. v. C. F. Halstead Developers, Inc.*, 588 So. 2d 870, 873 (Ala. 1991).

Accordingly, the knowledge that Mr. Lane requested, and Progressive through Mr.

McKnight agreed, to provide Mr. Lane with liability policy limits in the amount of $1,000,000 is imputed to Progressive.

In addition, the deposition testimony of Progressive's corporate representative indicates that Progressive agrees that it *was* provided with accurate information regarding Mr. Lane. In her deposition, the corporate representative for Progressive testified as follows:

Q. It states there [Art. II of the Producer's Agreement between the McKnight Agency and Progressive, Exh. E to Progressive's Motion] that you have the authority to solicit, provide quotes, receive applications, bind coverage in Alabama; is that right?

A. It does read that.

Q. Okay. And I left out some other things about collect premiums, but it states that the McKnight Agency has the authority to bind coverage in the State of Alabama; is that right?

A. Right.

Q. Okay. So, we can agree that Mr. McKnight did have the authority pursuant to the producers agreement...to bind coverage, true?

A. Correct.

Q. ...Let's go down to Paragraph B where it says you have no authority to and you will not bind us on insurance coverage, oh, based on information you knew or had reason to know is false or –

MR. BRADFORD: Inaccurate.

Q. – inaccurate?

A. Correct.

Q. Okay. There is no issue here, is there, Ms. Fitzgerald, that Ricky Lane's coverage was based on faulty or false or inaccurate information, is there?

4

> A. I believe they gave us - we rated it on the information that they gave us.
>
> Q. *Okay. And that information given you, Progressive is not questioning that information, is it?*
>
> A. *I don't believe so.*
>
> Q. Okay. And the reason I ask you that is not to try and trick you, but someone has suggested that Ricky Lane's driving record was so poor that he never qualified to get a million dollars' worth of commercial liability insurance, but that somehow the agent tried to subvert the system, telling Riverside there was a million dollars worth of coverage when, in fact, he never qualified for a million, *but that's not true, is it?*
>
> A. *Not to my knowledge.*

(Dep. Fitzgerald, pp 64, Line 7 - p. 66, Line 11[4]).  (Emphasis added.)

This testimony also shows that the "inaccurate information" referred to in the producer's agreement refers to information dealing with underwriting risks, not, as in the instant case, mere clerical errors.

Finally, assuming *arguendo* that the producer's agreement somehow limits Mr. McKnight's authority to bind Progressive when Progressive is sent "inaccurate" information, that agreement does not affect customers such as Mr. Lane.

> [T]he fact that there are limitations on an agency relationship and that such limitations are binding between the agent and the company does not affect third persons relying upon the agent's apparent authority without notice of his limitations. In *Elmer Tallant Agency v. Bailey Wood Products, Inc.*, 374 So. 2d 1312 (Ala. 1979), this Court said:
>
>> 'Undisclosed private limitations upon the authority of a general agent do not bind a third party who, being unaware of them,

---

[4] Excerpts from the deposition of Mary Alice Fitzgerald are attached hereto as Exhibit A.

contracts with an agent within the customary scope of the agent's authority.'

*Protective Life Ins. Co. v. Atkins*, 389 So. 2d 117, 119 (Ala. 1980). (Some citations omitted.)

Accordingly, Progressive is required to provide one million dollars in liability coverage for the underlying accident in this case and the motion for summary judgment should be denied.

Respectfully submitted on this the 15th day of December, 2005.

/s/Randall S. Haynes
RANDALL S. HAYNES (HAYN2865)
Attorney for Defendant Jane Holmes

OF COUNSEL:

**MORRIS, HAYNES and HORNSBY**
131 Main Street
Post Office Box 1660
Alexander City, Alabama 35011-1660
Telephone: 256-329-2000
Facsimile: 256-329-2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record as follows by ~~electronic filing~~ U.S. express mail on this the 15th day of December, 2005.

/s/Randall S. Haynes
OF COUNSEL

cc:    R. Larry Bradford, Esq.
       Bradford Law Firm, P.C.
       2020 Canyon Road
       Suite 100
       Birmingham, Alabama 35216

       Stephen E. Whitehead, Esq.
       Erin E. May, Esq.
       Mark E. Tindal, Esq.
       Lloyd, Gray & Whitehead, P.C.
       2501 Twentieth Place South, Suite 300
       Birmingham, Alabama 35223

       T. Randall Lyons, Esq.
       Webster, Henry
       Auburn Bank Center
       132 N. Gay Street, Suite 211
       Auburn, Alabama 36830

       Mr. Lynn Jinks
       Ms. Christina Crow
       Jinks, Daniel & Crow, P.C.
       Post Office Box 350
       Union Springs, Alabama 36089