IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:05-CV-438-W ) |
| MCKNIGHT AGENCY, INC., JOE MCKNIGHT; RICKY LANE; RIVERSIDE TURF FARM, et al. | ) ) ) ) |
| Defendants. | ) |

## **MOTION FOR LIMITED EXTENSION OF DISCOVERY DEADLINE**

Defendants McKnight Agency, Inc. and Joe McKnight (collectively referred to as "McKnight") respectfully request the Court to enter an Order granting a limited extension of the discovery deadline, to allow McKnight to conduct discovery regarding the parties' newly identified Rule 26(a)(3) witnesses. In support of this motion, McKnight would show as follows:

1.  On September 1, 2005, the United States District Judge Myron H. Thompson issued a Scheduling Order for this case. (Scheduling Order, Document 33). SECTION 7 of the Scheduling Order provides:

> All discovery shall be completed on or before December 2, 2005, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 10 [the deadline to exchange witness lists], the opposing party shall the time extended in this paragraph to allow for deposing such witnesses.

(*Id.* at § 7).

2.  On November 25, 2005, McKnight filed summary judgment motions against Progressive Specialty Insurance Company ("Progressive"), Ricky Lane ("Lane"),

1

and Riverside Turf Farm ("Riverside"), arguing as to each that the disputed policy should be reformed to reflect the clear intent of the parties to have $1,000,000 policy limits in place. During this time, counsel for Jane Holmes (a defendant in this action and the Plaintiff in the underlying state court action) indicated he would dismiss the claims against Lane and Riverside, in exchange for Progressive's $1,000,000 policy limits.

3.  During discovery in this case, it became apparent Lane and Riverside's claims against McKnight and Progressive were based solely on their potential liability in the underlying state action – possibly for millions of dollars – for the wrongful death of Daisy Beasley.

4.  On May 5, 2006, the underlying state action settled at mediation. As a result of the settlement, the claims of Lane and Riverside against Progressive in this case have been dismissed.

5.  Thus, Lane and Riverside's only remaining claims in this case are the cross-claims against McKnight. Lane and Riverside's theory of recovery is now apparently based on a claim for attorney fees and costs of defending this case up to the point Progressive settled the underlying state action.

6.  On May 18, 2006, Lane and Riverside amended their witness lists to identify two new witnesses: 1) Plaintiffs' Counsel in the underlying state action; and 2) a Progressive adjustor. McKnight assumes these witnesses will testify the attorney fees and costs Lane and/or Riverside have incurred in defending this case would have been avoided had the $1,000,000 policy limits been paid from the onset.

6.  On June 2, 2006, Progressive amended its witness list to include the same witnesses identified by Lane and Riverside.

7. SECTION 7 of this Court's September 1, 2005 Scheduling Order provides for an extension of discovery to allow an opposing party to investigate Rule 26(a)(3) witnesses added after the deadline for discovery has run.

8. No party will be prejudiced by a limited extension of the discovery deadline, to allow McKnight to submit written discovery and/or to depose these newly identified witnesses, to confirm their expected testimony and the basis therefore.

WHEREFORE, McKnight respectfully requests the Court to enter an Order granting a limited extension of the discovery deadline, to allow McKnight to conduct discovery regarding Lane, Riverside, and Progressive's newly identified Rule 26(a)(3) witnesses.

        *s/Mark E. Tindal*
Stephen E. Whitehead
Mark E. Tindal
Graham R. Pulvere
Attorneys for Defendants Joe McKnight and the McKnight Agency, Inc.

**OF COUNSEL:**
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
Telephone - (205) 967-8822
Facsimile - (205) 967-2380

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing has been served upon the following by facsimile, on this the __5th__ day of July, 2006.

Randy Haynes
Morris, Haynes & Hornsby
P.O. Box 1660
Alexander City, Alabama 35011

Larry Bradford
Bradford Law Firm, P.C.
2020 Canyon Road, Suite 100
Birmingham, Alabama 35216

T. Randall Lyons
Webster, Henry & Lyons, P.C
Post Office Box 239
Montgomery, Alabama 36101

Jay S. Tuley
Alex L. Holtsford, Jr.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103

G. Thomas Yearout
Yearout, Spina & Lavelle, P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242

Jeffery W. Smith
Slaten & O'Connor
P.O. Box 1110
Montgomery, Alabama 36101

Christina D. Crow
Lynn W. Jinks, III
Nathan A. Dickson, II
Jinks, Daniel & Crow
P.O. Box 350
Union Springs, Alabama 36089

                                                        *s/Mark E. Tindal*
                                                          OF COUNSEL