IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case Number: 2:05-CV-438-W ) |
| McKNIGHT AGENCY, INC.; and JOE McKNIGHT, | ) ) ) |
| Defendants. | ) ) |

**FINAL AMENDED COMPLAINT**

PARTIES AND JURISDICTIONAL ALLEGATIONS

1. The plaintiff, Progressive Specialty Insurance Company ("Progressive"), is an insurance company incorporated and organized under the laws of the state of Ohio, having its principal place of business in the state of Ohio.

2. The defendant, McKnight Agency, Inc., is a corporation incorporated and organized under the laws of the state of Alabama, having its principal place of business in the state of Alabama. The defendant, Joe McKnight ("McKnight"), is an agent or employee of McKnight Agency, Inc. He is over the age of 19 years and is a resident citizen of the state of Alabama.

3.  Ricky Lane ("Lane") is over the age of 19 years and is a resident citizen of the state of Alabama. He lives in Shortville, Alabama. Progressive has now settled an underlying wrongful death action against him.

4.  Riverside Turf Farm ("Riverside") is a corporation incorporated and organized under the laws of the state of Alabama, having its principal place of business in the state of Alabama. Progressive has now settled an underlying wrongful death action against it.

5.  Jane Holmes is the daughter of the deceased Daisy Beasley. She has been appointed as the personal representative of her daughter's estate. She is over the age of 19 years and is a resident citizen of the state of Alabama. Progressive paid $1 million to settle her state court action against Lane and Riverside Turf.

6.  The amount in controversy exceeds, exclusive of interests and costs, the sum of $75,000. Jurisdiction is predicated on diversity of citizenship and the amount in controversy, U.S.C. §1332.

## POLICY

7. McKnight Agency, Inc. is an appointed agent for Progressive. Its offices are located in Abbeville, Alabama. Joe McKnight is an agent or employee of McKnight Agency, Inc.

8. McKnight Agency, Inc. and McKnight submitted an application to Progressive on March 10, 2003 for insurance coverage for Ricky Lane. A copy of the application is attached as Exhibit A and incorporated by reference. The application requested liability coverage in the amount of $300,000 combined single limits ("CSL") for bodily injury and property damage.

9. Based upon the application submitted by the agent, Progressive issued a policy of commercial automobile insurance to Lane. As requested, the policy provided $300,000 CSL coverage for bodily injury and property damage. A copy of the declarations page is attached as Exhibit B.

10. Lane obtained a renewal of the policy so that it was in effect from March 10, 2004 to March 10, 2005. The commercial auto policy number was CA 01722685-1. The renewal policy also provided $300,000 CSL coverage for bodily injury and property damage. The declarations page for the renewal policy is attached as Exhibit C and incorporated by reference.

11. McKnight Agency, Inc. issued a certificate of insurance to Riverside Turf Farm on March 8, 2004. The certificate improperly reflected that Lane's liability limits were in the amount of $1 million CSL.

## ACCIDENT

12. Lane was involved in an accident on July 6, 2004. The accident occurred on US Highway 231 in Pike County, Alabama. Daisy Beasley was killed in the accident and her personal representative filed a lawsuit against Lane, Riverside Turf Farm, and other defendants. A copy of the complaint is attached as Exhibit D and incorporated by reference.

13. Lane was driving the 1995 International 940 truck insured by Progressive at the time of the accident. He was hauling a load for Riverside Turf. Lane was defended by Progressive for the allegations of the lawsuit against him. He contends that he requested the agent to procure $1 million dollars of liability coverage.

14. McKnight has acknowledged that he was requested by Lane to produce $1 million CSL of liability coverage, but that he mistakenly only procured $300,000 CSL of liability coverage.

## COUNT ONE

15. Progressive realleges and incorporates by reference the allegations of paragraphs 1 through 14 of the complaint.

16. McKnight Agency, Inc. and Joe McKnight negligently procured the liability coverage for Lane.

17. Progressive has incurred damages in the amount of $700,000 for its settlement of the underlying state court lawsuit for $1 million although Lane's liabiliy limits were only $300,000. Progressive settled the case in good faith to avoid an excess exposure to Lane and Riverside Turf.

## COUNT TWO

18. Progressive realleges and incorporates by reference the allegations of paragraphs 1 through 17 of the complaint.

19. McKnight Agency, Inc. and Joe McKnight made an innocent or reckless misrepresentation to Progressive when it submitted the application for the policy to be issued to Lane.

20. Progressive has incurred damages for its settlement with Holmes for the amounts above Lane's $300,000 CSL limits.

COUNT THREE

21. Progressive realleges and incorporates by reference the allegations of paragraphs 1 through 20 of the complaint.

22. Progressive entered into a producer's agreement with McKnight Agency, Inc. on February 5, 1998. The agreement gave McKnight Agency authority to receive applications and bind coverage subject to Progressive's underwriting requirements.

23. The agreement further provided that McKnight Agency did not have authority to bind coverage if it was based on information that was inaccurate. The agent's duty under that agreement required it to ensure that all applications contained accurate information.

24. Lane requested Joe McKnight and the McKnight Agency to procure $1 million of liability insurance coverage for him. However, Joe McKnight and McKnight Agency only requested $300,000 of liability coverage on the application submitted to Progressive.

25.  Progressive provided McKnight Agency with copies of the declarations pages for the policy issued to Lane which was in effect from March 10, 2003 to March 10, 2004 and renewed for the period from March 10, 2004 to March 10, 2005. It also provided endorsements to McKnight Agency dated on or around August 6, 2003 to change the description of the insured vehicle, add a lienholder, and change the address of the premium finance company. These documents disclosed that Progressive was providing $300,000 of liability coverage to Lane.

26.  Article VIII of the producer's agreement executed by Joe T. McKnight on behalf of McKnight Agency provides that McKnight Agency will indemnify and hold Progressive harmless from any losses sustained as a result of the agent's negligence, acts, errors, or omissions on its part.

## REQUESTED RELIEF

WHEREFORE, the premises considered, Progressive requests the following relief:

1.  Progressive demands damages against McKnight Agency and Joe McKnigt in the amount of $700,000 (which represents the settlement amount in excess of Lane's $300,00 CSL limits), plus Progressive's attorney fees and litigation expenses.

2.  Progressive requests such other or different relief to which it may be entitled.

                                                                    */s/ R. Larry Bradford*
                                                                    R. Larry Bradford, Attorney for Plaintiff,
                                                                    Progressive Specialty Insurance Company
                                                                    Attorney Bar Code: BRA039

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 31 day of August, 2006, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Erin E. May, Esq.
Stephen E. Whitehead, Esq.
Mark E. Tindal, Esq.
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

_____
OF COUNSEL