IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case Number: 2:05-CV-438-W ) |
| McKNIGHT AGENCY, INC.; JOE McKNIGHT, | ) ) ) |
| Defendants. | ) |

**REPLY TO DEFENDANTS' OPPOSITION TO PROGRESSIVE SPECIALTY INSURANCE COMPANY'S MEMORANDUM BRIEF CONCERNING DAMAGES AWARDED BY PROGRESSIVE**

Comes now the plaintiff, Progressive Specialty Insurance Company ("Progressive"), and files its reply to defendants' opposition to Progressive's memorandum brief concerning damages award in this case as follows:

1. This court entered an order concerning Progressive and McKnight Agency, Inc.'s ("McKnight Agency") motion for summary judgments on February 7, 2007. See, Doc. 149.

2. The court held that Progressive was entitled to summary judgment against McKnight Agency on its breach of contract claim. It was also entitled to indemnification from McKnight Agency for its damages. Id. Additionally, Progressive was entitled to summary judgment on McKnight Agency's counterclaim. Id.

3.	The court requested that Progressive file a memorandum brief providing it with the specific request in the amount of attorney's fees, court costs, and litigation expenses along with the specific additional premiums which Ricky Lane ("Lane") would have had to pay to secure $1 million dollars of CSL coverage under Progressive's policy. Id.

4.	Progressive filed its memorandum brief concerning its damages on February 21, 2007. See, Doc. 150. McKnight Agency filed its opposition on February 28, 2007. See, Doc. 151-1. McKnight Agency claimed that Progressive was not entitled to attorney's fees because it was not successful on its claims. Id. at 1. Additionally, its fees were not reasonable. Id. at 2.

5.	Progressive entered into a Producer's Agreement with McKnight Agency. Doc. 143, exhibit "A", Article VII. The indemnification provision of the Producer's Agreement required that McKnight Agency indemnify and hold Progressive harmless for and from all losses that Progressive sustained due to McKnight Agency's negligence or failure to comply with the provisions of the agreement. Id.

6.	This court held that the evidence established that McKnight Agency's error constituted a failure to perform its duties under the Producer's Agreement and thus McKnight Agency was liable to Progressive under the indemnification provision. Doc. 149, p. 11-12. In fact, McKnight Agency conceded that it was liable to Progressive under the indemnification provision for Joe McKnight's error in Lane's insurance application and resulting policy. Id.

7.     Alabama courts have held that the general rules of contract provide that the damages should return the injured party to the position he would have been in had the contract been fully performed. Pate v. Rawllison Logging Equipment, Inc., 628 So.2d 337, 345 (Ala. 1993).  Furthermore, the damages are generally those that flow naturally from the breach. Id. at 345.

8.     Here, Progressive's damages naturally flow from the breach of the Producer's Agreement.  If McKnight Agency's representative had chosen the correct amount of liability coverage for Lane, Progressive would have been paid the correct amount of premiums.  There would have been no need to file a lawsuit.  However, McKnight Agency's representative did not chose the correct amount of liability coverage and Progressive was not paid the correct amount of premiums.  Consequently, Progressive had to file this lawsuit.

9.     McKnight Agency contends that attorney's fees should not be awarded to Progressive for its work in prosecuting this lawsuit against the underlying state court defendants.  However, the underlying state court defendants had an interest in this lawsuit and Progressive was required to make them a defendant in this case to fairly adjudicate their claims.  Again, Progressive would not have been required to include the state court defendants in this case had McKnight Agency's representative properly issued Progressive's policy to Lane.

10. Even if the court considered McKnight Agency's argument that Progressive was not successful in prosecuting its claims, Progressive's motion for summary judgment was overwhelmingly granted with the exception that the court simply ordered the amount of additional premiums which Lane would have had to pay to secure $1 million dollars of CSL coverage to Progressive rather than Progressive's increased liability in the amount of $700,000. Without question, Progressive was overwhelmingly successful concerning its claims against McKnight Agency with the exception of that one issue.

11. Progressive's attorney's fees and costs are extremely reasonable and naturally flow from its damages in this case. Progressive would not have incurred the attorney's fees and costs had McKnight not breached the Producer's Agreement with Progressive.

12. Furthermore, the indemnification provision of the Producer's Agreement requires McKnight Agency to indemnify Progressive "for and from all losses" that Progressive sustained due to McKnight Agency's negligence. Therefore, Progressive requests that the court award it damages in the amount of $22,812.76.

  /s/ R. Larry Bradford
R. Larry Bradford, Attorney for the Plaintiff and Counterdefendant, Progressive Specialty Insurance Company
Attorney Bar Code: BRA039

  /s/ Shane T. Sears
Shane T. Sears, Attorney for the Plaintiff and Counterdefendant, Progressive Specialty Insurance Company
Attorney Bar Code: SEA026

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216
(205)871-7733

## CERTIFICATE OF SERVICE

     I hereby certify that I have this the __18th__ day of June, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Stephen E. Whitehead, Esq.
Mark E. Tindal, Esq.
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

                                          /s/ Shane T. Sears
                                          OF COUNSEL