Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

February 21, 2008

**Appeal Number: 07-14521-JJ**
Case Style: Progressive Specialty Insurance v. McKnight Agency
District Court Number: 05-00438 CV-W-N

TO:   Debra P. Hackett

CC:   Robert Larry Bradford

CC:   Stephen E. Whitehead

CC:   Graham R. Pulvere

CC:   Mark E. Tindal

CC:   Hon. Susan Russ Walker

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

February 21, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY   AL   36104-4055

**Appeal Number: 07-14521-JJ**
Case Style: Progressive Specialty Insurance v. McKnight Agency
District Court Number:  05-00438 CV-W-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-14521

District Court Docket No.
05-00438-CV-W-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jan 23, 2008
THOMAS K. KAHN
CLERK

PROGRESSIVE SPECIALTY INSURANCE COMPANY,

       Plaintiff-
       Counter-Defendant-
       Appellant,

versus

MCKNIGHT AGENCY, INC.,
JOE MCKNIGHT,

       Defendants-
       Counter-Claimants-
       Cross-Defendants-
       Appellees,

RICKY LANE,
RIVERSIDE TURF FARM,

       Defendants-
       Counter-Claimants-
       Cross-Claimants,

JANE HOLMES, individually and as the
personal representative of the Estate
of Daisy Beasley, deceased, et al.,

       Defendants.



A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---
Appeal from the United States District Court
for the Middle District of Alabama
---

# JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

*[Stamp: ISSUED AS MANDATE FEB 2 1 2008 U.S. COURT OF APPEALS ATLANTA, GA.]*

Entered: January 23, 2008
For the Court: Thomas K. Kahn, Clerk
By: Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-14521
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00438-CV-W-N

PROGRESSIVE SPECIALTY INSURANCE COMPANY,

            Plaintiff-
            Counter-Defendant-Appellant,

versus

MCKNIGHT AGENCY, INC.,
JOE MCKNIGHT,

            Defendants-
            Counter-Claimants-
            Cross-Defendants-Appellees,

RICKY LANE,
RIVERSIDE TURF FARM

            Defendants-
            Counter-Claimants-
            Cross-Claimants,

JANE HOLMES, individually and as the
personal representative of the Estate of Daisy
Beasley, deceased, et al.,

            Defendants.

Appeal from the United States District Court
for the Middle District of Alabama

**(January 23, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Progressive Specialty Insurance Company ("Progressive") appeals the district court's final judgment entered on September 18, 2007. After reviewing the record, and reading the parties briefs, we affirm the district court's final judgment.

I.

On July 6, 2004, Ricky Lane ("Lane") was driving a truck for Riverside Turf when he had an automobile accident that killed Daisy Beasley ("Beasley"). At the time of the accident, Lane had automobile liability coverage through Progressive, and McKnight was Lane's insurance agent.

Both prior and subsequent to the accident, Progressive insured Lane with $1,000,000 policy limits. Due to McKnight's clerical error on the Progressive computerized application for the 2004 policy, Progressive bound only $300,000 in coverage. Both Lane and McKnight mistakenly believed the 2004 Progressive coverage had been renewed with $1,000,000 limits. The insurance adjuster

2

discovered the mistake when Beasley's estate sued Lane, and Lane reported the claim.

Subsequently, to minimize its exposure for a $1,000,000 policy limits claim against Lane, Progressive filed a declaratory judgment action asking the court to limit Progressive's coverage to $300,000. Lane and McKnight filed counterclaims seeking reformation of the Progressive Policy to reflect the parties' true intent of $1,000,000 policy limits. Thereafter, Progressive settled the suit against Lane for the limits of the coverage intended by Lane and McKnight: $1,000,000.

Progressive and McKnight filed cross-motions for summary judgment, and stipulated that there were no disputed issues of fact in relation to the claims before the court. The district court held that the Progressive Policy should be reformed to reflect $1,000,000 policy limits. The court also found that Progressive could recover from McKnight the difference in premiums between a $1,000,000 limit policy and a $300,000 limit policy, plus attorney's fees and litigation costs. Later, the district court changed its prior ruling on reformation because it found McKnight had no standing to reform the policy. The district court then held that Progressive was entitled to $2,821.76 in unpaid premiums, and $19,991.00 in attorney's fees and litigation costs, but it was not entitled to recover the $700,000 excess limits it paid.

3

II.

This court reviews the district court's grant or denial of summary judgment *de novo*, applying the same legal standards that control the district court's decision. *Shannon v. Jack Eckerd Corp.*, 113 F.3d 208, 210 (11th Cir. 1997).

III.

There is no question that McKnight made a clerical error in selecting the intended coverage limits from a drop-down menu on Progressive's application software. Factually, it is undisputed that (1) Lane qualified for $1,000,000 policy limits, (2) Lane and McKnight intended there to be $1,000,000 policy limits, and (3) Progressive would have issued $1,000,000 policy limits but for the clerical mistake. We agree with the district court that McKnight's error may have resulted in an underpaid premium to Progressive. Those damages flow naturally from the breach. *See Pate v. Rollison Logging Equip., Inc.*, 628 So.2d 337, 345 (Ala. 1993). However, there is no proximate cause between McKnight's clerical error and Progressive's obligation to pay an additional $700,000. Rather, we conclude that Progressive is in the "same position it would have been" had the error not occurred, with the exception of the additional premium due. *See Wood v. Old Security Life Insurance Co.*, 643 F.2d 1209 (5th Cir. 1981).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the Fifth Circuit prior to October 1, 1981.

4

For the above-stated reasons we affirm the district court's September 18, 2007, final judgment.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia